Timothy A. AGUILAR, Relator,

v.

Honorable Kathleen STONE,
Respondent.

No. 01–96–01283–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 2, 1997.

Timothy A. Aguilar, Tennessee Colony,
for Relator.

Barbara Callistien, Assistant County At-
torney, Houston, for Respondent.

Panel consists of Chief Justice
SCHNEIDER, and Justices MIRABAL
and O'CONNOR.

## OPINION

PER CURIAM.

■ Timothy Aguilar, the relator, is a
pro se inmate of the Texas Department of
Criminal Justice. He seeks relief from the
disposition of a contest to his affidavit to
appeal as an indigent. Relator makes a
number of complaints, but the gist of his
application for writ of mandamus is that he
cannot appeal by writ of error to this
Court because the trial court has denied
him the right to appeal as an indigent. The
Supreme Court directs us to seek the sub-
stance of a pro se complaint by reviewing
it with liberality and patience. *Haines v.
Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594,
595, 30 L.Ed.2d 652 (1972); *Johnson v.
McAdams*, 781 S.W.2d 451, 452 (Tex.

App.—Houston [1st Dist.] 1989, orig. proceeding).

On July 10, 1995, the trial court dismissed relator's case pending in the trial court for want of prosecution. In August, 1995, he filed with the District Clerk of Harris County a notice of appeal, an affidavit of indigence, and an inmate trust fund statement. On December 30, 1995, relator filed a writ of error under TEX. R.APP.P. 45 to challenge the July 10 order of dismissal. On January 18, 1996, the District Clerk received and filed relator's affidavit of inability to pay costs. On January 18, 1996, the Harris County clerk filed a contest of the relator's pauper's affidavit. That day, the trial court signed an order extending to February 2, 1996, the time to hear the affidavit of inability to pay costs.

The Texas Rules of Appellate Procedure provide that the clerk shall give the parties notice of the setting of the contest for hearing. TEX.R.APP.P. 40(a)(3)(C). The supplemental transcript provided to us by the District Clerk's office does not show that relator was given notice of the February 2, 1996 hearing on the District Clerk's contest. Further, the docket sheet reflects that the District Clerk's contest was sustained when "plaintiff failed to appear." It is apparent the trial court was not mindful of the fact that relator was incarcerated and unable to personally appear in the absence of a bench warrant. Relator was entitled to a hearing. TEX.R.APP.P. 40(a)(3)(C).

Accordingly, we grant relator's petition for writ of mandamus. We trust the trial court will conduct another hearing on relator's affidavit of inability to pay costs and provide relator an opportunity to be heard in accordance with the applicable local rules of Harris County. The writ of mandamus will issue only in the event it does not do so.

It is so **ORDERED.**