### Paul MINIX, Appellant,

v.

### Paul GONZALES, Curtis Pitts, and Layla Wuttke, Appellees.

No. 14–04–00344–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 3, 2005.

---

2. *See, e.g.,* Tex. Ins.Code Ann. art. 21.21, § 4(10)(a)(ii) (Vernon Supp.2004–05).

Paul Minix, Navasota, appellant pro se.

Panel consists of Chief Justice HEDGES and Justices HUDSON and FROST.

## MAJORITY OPINION

ADELE HEDGES, Chief Justice.

Paul Minix appeals from the dismissal of his lawsuit against Paul Gonzales, Curtis Pitts, and Layla Wuttke. In his petition, Minix, an inmate at a state correctional facility, alleged that Gonzales, also an inmate, violated the Texas Open Records Act by unlawfully obtaining a copy of a lawsuit that Minix filed against certain correctional officers. Minix further alleged that Pitts and Wuttke, both correctional officers, violated the Texas Theft Liability Act by unlawfully taking a law book from his cell. The trial court dismissed Minix's lawsuit with prejudice as having no arguable basis in law. In his sole issue, Minix contends the trial court erred in dismissing his lawsuit. We affirm in part and reverse and remand in part.

### Discussion

 Inmate *in forma pauperis* lawsuits are governed by Chapter 14 of the Texas Civil Practice & Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 14.001–.014 (Vernon 2002). The chapter provides several grounds on which a court may dismiss such actions. *See id.* § 14.003. In this case, prior to service of process and without conducting an evidentiary hearing, the trial court dismissed Minix's claims because it found "that the Plaintiff has failed to state a cause of action as a matter of law." We interpret the trial court's action as a dismissal based on a finding that Minix's claims are frivolous because they have no arguable basis in the law. *See id.* § 14.003(a), (b); *Retzlaff v. Tex.*

*Dept. of Crim. J.,* 94 S.W.3d 650, 653 (Tex. App.-Houston [14th Dist.] 2002, pet. denied) (stating that, if, without an evidentiary hearing, a trial court dismisses a claim as frivolous under section 14.003 of the Texas Civil Practice and Remedies Code, then the dismissal can be affirmed on appeal only if the claim has no arguable basis in law). For a claim to have no arguable basis in law, it must be based on "an indisputably meritless legal theory," or be based on wholly incredible or irrational factual allegations. *Gill v. Boyd Distrib. Ctr.,* 64 S.W.3d 601, 603 (Tex.App.-Texarkana 2001, pet denied) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), and citing *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992)). An inmate's cause of action may not be dismissed merely because the court considers the allegations "unlikely." *Id.* at 604 (quoting *Denton,* 504 U.S. at 33, 112 S.Ct. 1728). We utilize a *de novo* standard of review in determining whether Minix's claims have an arguable basis in law. *Retzlaff,* 94 S.W.3d at 653. A *pro se* inmate's petition should be viewed with liberality and patience and is not held to the stringent standards applied to formal pleadings drafted by attorneys. *Hughes v. Rowe,* 449 U.S. 5, 9–10 & n. 7, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); *Black v. Jackson,* 82 S.W.3d 44, 51 (Tex.App.-Tyler 2002, no pet.); *Aguilar v. Stone,* 68 S.W.3d 1, 1–2 (Tex.App.-Houston [1st Dist.] 1997, no pet.).[1]

---

1. The concurrence criticizes our application of the *Haines* rule that a *pro se* inmate's pleadings should not be held to the stringent standards applied to attorney-crafted pleadings. 404 U.S. at 520–21, 92 S.Ct. 594. The *Haines* rule is far from a novel proposition of law, even in Texas. Twelve of the fourteen intermediate courts of appeals have cited *Haines* favorably or have applied the *Haines* rule without specifically citing *Haines;* in fact, a total of twenty-one published and at least twenty-six unpublished Texas cases have followed the *Haines* rule. *See, e.g., Vacca v. Farrington,* 85 S.W.3d 438, 441 (Tex.App.-Texarkana 2002, no pet.); *Black,* 82 S.W.3d at 51; *Aguilar,* 68 S.W.3d at 1–2; *In re Tay-*

The first cause of action listed in Minix's petition was against Paul Gonzales for violation of the Texas Open Records Act. TEX. GOV'T CODE ANN. §§ 552.001–.353 (Vernon 1994 & Supp.2004). Specifically, Minix alleged that Gonzales unlawfully obtained a copy of a federal lawsuit Minix had filed against certain correctional officers, citing sections 552.103(c) and 552.352. *Id.* §§ 552.103(c), 552.352(a). Section 552.352(a) makes it a crime for a person to distribute information considered confidential under the terms of Chapter 552. Section 552.103(c) provides for an exception to open records requirements for information relating to litigation involving a governmental body or an officer or employee of a governmental body. *Id.* § 552.103(c). However, Minix provides no authority or analysis regarding how the criminal sanctions contained in section 552.103 can be converted into a right to monetary damages for an individual, and we are aware of no such authority. Furthermore, the only part of section 552.352 that could arguably apply to Gonzales's conduct addresses the *distribution* of confidential information; whereas, in his petition, Minix only complained that Gonzales unlawfully *obtained* information.[2] Accordingly, we conclude

*lor,* 28 S.W.3d 240, 245 (Tex.App.-Waco 2000, no pet.); *see also Gomez v. Tex. Dep't of Crim. J.,* No. 14–94–01114–CV, 1995 WL 688870, *3 (Tex.App.-Houston [14th Dist.] Nov. 22, 1995, no pet.) (citing *Haines* but not discussing applicability). A check of citations nationwide reveals that *Haines* has been cited over 13,000 times, including at least once in most jurisdictions in the country. *See, e.g., Laubach v. Roberts,* 32 Kan.App.2d 863, 90 P.3d 961, 966 (2004); *B.S. v. State of Florida,* 862 So.2d 15, 17 (Fla.Dist.Ct.App.2003).

Further, no Texas court has expressly rejected the *Haines* rule. *Mansfield State Bank v. Cohn,* the Texas Supreme Court case cited by the concurrence, merely stated the general proposition that *pro se* litigants must comply with applicable procedural rules; it did not involve pleadings prepared by an inmate. 573 S.W.2d 181, 185 (Tex.1978) (noting that *pro se* litigant was an attorney in another state). The other three cases cited by the concurrence include a memorandum opinion of this court and two cases by other courts of appeals. *Green v. Kaposta,* 152 S.W.3d 839 (Tex.App.-Dallas Jan.12, 2005, no pet. h.); *Gaffney v. Tex. Dept. of Crim. J.-Inst'l Div.,* No. 14–03–00472–CV, 2004 WL 1898488 (Tex. App.-Houston [14th Dist.] Aug. 26, 2004, no pet.); *White v. Cole,* 880 S.W.2d 292 (Tex. App.-Beaumont 1994, writ denied). None of these cases even notes the existence of the *Haines* rule, much less analyzes whether it applies in Texas. Instead, each simply cites the general proposition from *Mansfield* regarding *pro se* pleadings. *See Green,* 152 S.W.3d at 840–41; *Gaffney,* 2004 WL 1898488, at *3 n. 7; *White,* 880 S.W.2d at

294. It is therefore questionable as to whether these cases can be read as disapproving of the *Haines* rule.

The concurrence is correct that *Haines* was decided under Rule 12(b)(6) of the Federal Rules of Civil Procedure. FED.R.CIV.P. 12(b)(6) (permitting dismissal of pleading for failure to state a claim on which relief can be granted); *Haines,* 404 U.S. at 520–21, 92 S.Ct. 594. The concurrence further points out that there is no direct analogue in Texas procedure to Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Fort Bend County v. Wilson,* 825 S.W.2d 251, 253 (Tex.App.-Houston [14th Dist.] 1992, no writ). While this proposition is generally correct, we cannot turn a blind eye to section 14.003 of the Texas Civil Practice and Remedies Code, which authorizes a court to dismiss a *pro se* inmate's appeal for failing to state a claim with an arguable basis in law. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a), (b); *Retzlaff,* 94 S.W.3d at 653. The similarity between section 14.003 and Rule 12(b)(6) suggests that, at a minimum, the *Haines* rule should and does apply when a Texas trial court dismisses a *pro se* inmate's appeal under section 14.003. Furthermore, there is nothing in *Haines,* or the other Supreme Court cases, that suggests that the rationale underlying the rule is not applicable outside the 12(b)(6) context. Clearly, courts in Texas have found that it is applicable in other contexts.

2. Section 552.352(a–1), which concerns obtaining access to confidential information under section 552.008, only applies to an officer or employee of a governmental body; there-

that the trial court correctly determined that Minix's first claim lacks an arguable basis in law. The trial court properly dismissed this cause of action. *See Retzlaff,* 94 S.W.3d at 653.

Minix's second and third causes of action alleged violations of the Theft Liability Act by correctional officers Pitts and Wuttke. TEX. CIV. PRAC. & REM.CODE ANN. §§ 134.001–.005 (Vernon 1997 & Supp. 2004). The petition specifically names the officers in their individual capacities but also appears to sue them in their official capacities. To the extent the petition named the officers in their official capacities, the claims are barred by sovereign immunity. *See, e.g., Univ. of Tex. Med. Branch at Galveston v. Hohman,* 6 S.W.3d 767, 777 (Tex.App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (holding that sovereign immunity bars intentional tort suits against state employees in their official capacities). Theft is undoubtedly an intentional act. *See* TEX. PEN.CODE ANN. § 31.03(a) (Vernon Supp.2004) (providing that a person commits theft if he or she "unlawfully appropriates property with intent to deprive the owner of property"); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 134.002 (defining "theft" by reference to Penal Code section 31.03). The Texas Tort Claims Act does not waive sovereign immunity for intentional acts. TEX. CIV. PRAC. & REM.CODE ANN. § 101.057 (Vernon 1997); *Hohman,* 6 S.W.3d at 777. Accordingly, the trial court properly dismissed Minix's second and third causes of action to the extent they named Pitts and Wuttke in their official capacities. *See Retzlaff,* 94 S.W.3d at 653.

Sovereign immunity does not, however, bar Minix's theft allegations against Pitts and Wuttke in their *individual* capacities. *See Harrison v. Tex. Dept. of Crim. J.-Inst'l Div.,* 915 S.W.2d 882, 888 (Tex.App.-Houston [1st Dist.] 1995, no writ) (holding that sovereign immunity did not justify dismissal of claims against state officials in their individual capacities).[3] Minix alleged that Wuttke entered his cell and removed a book that belonged to him without justification and subsequently failed to either return it to him or turn it in to the prison property official. Minix further alleged that Pitts participated in the theft by authorizing the book's seizure and, essentially, by conspiring with Wuttke. Minix then properly cited the Texas Theft Liability Act.[4] Construing Minix's petition with liberality and patience, we conclude that there is an arguable basis in law as to Minix's Theft Liability Act claims against Pitts and Wuttke in their individual capacities. *Hughes,* 449 U.S. at 9–10 & n. 7, 101 S.Ct. 173; *Black,* 82 S.W.3d at 51; *Aguilar,* 68 S.W.3d at 1–2. Accordingly, the trial court erred in dismissing Minix's theft claims against Pitts and Wuttke in their individual capacities. We thus sustain Minix's sole issue in part.

The trial court's judgment is affirmed in regard to the dismissal of Minix's claim against Gonzales and his claims against Pitts and Wuttke in their official capacities; however, the judgment is reversed and remanded in regard to Minix's claims against Pitts and Wuttke in their individual capacities.

FROST, J., concurring.

---

fore, this provision cannot apply to inmate Gonzales.

3. Although official immunity potentially bars these claims, it is an affirmative defense that must be plead and proven. *Harrison,* 915 S.W.2d at 888.

4. The Theft Liability Act provides that "[a] person who commits theft is liable for the damages resulting from the theft." TEX. CIV. PRAC. & REM.CODE ANN. § 134.003(a). It further details the damages recoverable by a person who has been the victim of theft. *Id.* § 134.005.

KEM THOMPSON FROST, Justice, concurring.

The court's judgment in this case is correct, and most of its opinion is correct, but the court, in dicta, departs from precedent in the parts of the majority opinion that state a pro se inmate should be treated more favorably in civil litigation than those who are not pro se inmates:

> A pro se inmate's petition should be viewed with liberality and patience and is not held to the stringent standards applied to pleadings drafted by attorneys ... Construing Minix's petition with liberality and patience....

Maj. Op. at 637.

First, the quoted statements by the majority are obiter dicta because they are not necessary to the court's disposition of this appeal. *See Edwards v. Kaye,* 9 S.W.3d 310, 314 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). These statements are not essential because, notwithstanding the majority's reference to the "stringent standards applied to pleadings drafted by attorneys," courts construe any petition liberally and in favor of the drafter, if no special exceptions have been sustained as to that petition. *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex.2000). Because the trial court did not sustain any special exceptions against Minix's petition, this court must construe this petition liberally regardless of whether Minix is an inmate and regardless of whether he is represented by counsel or acting pro se. *See id.* Construing Minix's petition liberally in his favor, there is an arguable basis in law as to his Theft Liability Act claims against Pitts and Wuttke in their individual capacities. *See id.,* 34 S.W.3d at 897; *Harrison v. Tex. Dep't of Crim. J.-Inst'l Div.,* 915 S.W.2d 882, 888 (Tex.App.-Houston [1st Dist.] 1995, no writ) (holding that sovereign immunity did not justify dismissal of claims against state officials in their individual capacities). Accordingly, this court correctly reverses the trial court's judgment in this regard.

Second and more importantly, in addition to being dicta, the above-quoted statements by the majority are contrary to prior precedents from the Texas Supreme Court and from this court. *See Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 185 (Tex.1978) (holding that litigants who represent themselves must comply with procedures established by rules notwithstanding the fact that they are not licensed attorneys); *Gaffney v. Tex. Dep't of Crim. J.-Inst'l Div.,* 14–03–00472–CV, 2004 WL 1898488, at *3 n. 7 (Tex.App.-Houston [14th Dist.] Aug. 26, 2004, no pet.) (holding that pro se inmate had to comply with the normal rules for preserving charge error and stating that he would be held to the same standards as licensed attorneys and must comply with all applicable procedural rules) (mem.op.); *see also Green v. Kaposta,* 152 S.W.3d 839, 840–41 (Tex.App.-Dallas 2005, no pet. h.) (stating pro se inmate in civil litigation must comply with same laws and applicable procedures as a licensed attorney); *White v. Cole,* 880 S.W.2d 292, 294 (Tex.App.-Beaumont 1994, writ denied) (same as *Green* ).

Furthermore, the line of cases cited by the majority is not part of the jurisprudence of this court or the Texas Supreme Court and is based on cases applying Federal Rule of Civil Procedure 12(b)(6). *See Hughes v. Rowe,* 449 U.S. 5, 9–10 n. 7, 101 S.Ct. 173, 176 n. 7, 66 L.Ed.2d 163 (1980) (citing *Haines v. Kerner* and stating that, when deciding whether a complaint states a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), federal courts review pleadings drafted by pro se litigants under standards that are less stringent than those applied to pleadings drafted by lawyers) (per cu-

riam); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (stating that, under federal rule of civil procedure 12(b)(6), federal courts review pleadings drafted by pro se litigants under standards that are less stringent than those applied to pleadings drafted by lawyers) (per curiam); *Aguilar v. Stone,* 68 S.W.3d 1, 1–2 (Tex.App.-Houston [1st Dist.] 1997, no pet.) (stating, in a mandamus proceeding filed by an inmate, that the United States Supreme Court directs the court to seek the substance of a pro se complaint by reviewing it with liberality and patience and citing *Haines v. Kerner*). In Texas civil procedure, there is no analogue to Federal Rule of Civil Procedure 12(b)(6). *Fort Bend County v. Wilson,* 825 S.W.2d 251, 253 (Tex.App.-Houston [14th Dist.] 1992, no writ). Accordingly, United States Supreme Court cases regarding the standards for reviewing pleadings under Federal Rule 12(b)(6) are neither applicable nor binding on this court.

According to the federal line of cases cited by the majority, courts should treat pro se litigants more favorably than parties represented by lawyers regarding the standards applied to their pleadings. *See, e.g., Haines,* 404 U.S. at 520–21, 92 S.Ct. at 596. These federal cases base this conclusion on a stated need to review pro se pleadings with liberality and patience. *See id.* Judges should be patient with all litigants and lawyers that appear before them. *See* TEX.CODE JUDICIAL CONDUCT Canon 3(B)(4) (stating "[a] judge shall be patient, dignified and courteous to litigants, jurors, witnesses, lawyers and others with whom the judge deals in an official capacity...."). This patience should be shown to all litigants, whether represented by counsel or not, and it does not weigh in favor of treating inmates or pro se litigants more favorably. Likewise, though courts may be as liberal to litigants as possible while still being faithful to the law, this liberality does not weigh in favor of treating pro se litigants more favorably. Indeed, the Texas Supreme Court has stated that pro se and represented litigants should be judged by the same standards:

> [N]o basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in determining whether rules of procedure must be followed.... There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.

*Mansfield State Bank,* 573 S.W.2d at 184–85.

For the reasons stated, the majority's statements in dicta are contrary to Texas law. *See Mansfield State Bank,* 573 S.W.2d at 185; *Gaffney,* 2004 WL 1898488, at \*3 n. 7; *Green,* 152 S.W.3d at 840–41; *White,* 880 S.W.2d at 294. For this reason, I respectfully decline to join that portion of the majority opinion, though I concur in the court's judgment.