Concurring Opinion of September 8, 2005 Withdrawn and Dissenting Opinion
on Rehearing filed November 30, 2006








Concurring
Opinion of September 8, 2005 Withdrawn and Dissenting Opinion on Rehearing
filed November 30, 2006.

 

                                                                                                                                                            

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00965-CV

____________

 

IVO NABELEK, Appellant

 

V.

 

DISTRICT ATTORNEY OF HARRIS COUNTY,
TEXAS,
Appellee

 



 

On Appeal from the 125th
District Court

Harris County, Texas

Trial Court Cause No. 01-38188

 



 

D I S S E N T I N G   O P I N I O N  O N  R E H E A R I N G  

On original submission, this court affirmed the trial court=s judgment.  I did
not join in the court=s opinion, but instead filed a concurring
opinion.  Today the court denies appellant Ivo Nabelek=s motion for
rehearing.  After considering Nabelek=s motion, I
conclude that this court should grant rehearing, reverse the trial court=s judgment, and
remand the case for further proceedings.  Accordingly, I withdraw my original
concurring opinion, and issue this dissenting opinion on rehearing in its
place.  








Is there reversible error based on the failure to record
the September 13, 2002 hearing?

The first issue presents a classic catch-22 situation: 
there was no court reporter to record the hearing and without a court reporter
to make the record, there was no record to preserve the complaint about the
lack of a court reporter.  The majority concludes that Nabelek did not preserve
error on issue one because the record does not show he Arequested that the
court reporter record the September 13, 2002 hearing.@  Under the
circumstances of this case, no such record is necessary to reach the merits of
Nabelek=s argument.

In the statement of facts in his appellate brief, Nabelek
asserts that he made an oral motion at the beginning of the telephonic hearing
requesting a court reporter and an audio recording of the hearing, which the
trial court denied.  The District Attorney of Harris County, Texas (hereinafter
ADistrict Attorney@) does not
challenge this factual assertion.  Under Texas Rule of Appellate Procedure
38.1(f), this court will accept as true the factual contentions presented in
the statement of facts section of Nabelek=s brief, unless
contradicted by another party.[1] 
See Tex. R. App. 38.1(f); see
also City of Houston v. Alief I.S.D., 117 S.W.3d 913, 915 (Tex. App.CHouston [14th
Dist] 2003, no pet. h.) (accepting as true appellant=s assertion that
the tax master entered a take-nothing judgment, in the absence of any argument
by appellees to the contrary and without a judgment by the tax master in the
record).  Because the District Attorney does not dispute that Nabelek made the
request for a court reporter at the September 13, 2002 hearing, this court
should take Nabelek=s contention as true and thus reach the
merits of Nabelek=s complaints.








Nabelek contendsCand the District
Attorney does not disputeCthat Nabelek timely requested a record to
be made of the hearing.  A court reporter must record court proceedings if a
party so requests.  See Tex.
Govt. Code Ann. ' 52.046(a)(2)(Vernon 2005); Tex. R. App. P. 13.1(a).  Thus, a
record of the hearing should have been made upon Nabelek=s request.  The
majority reasons that because the trial court was not required to hold a
hearing in the first place, the failure to record it is of no consequence. 
This reasoning is flawed.

Although a trial court is not required to hold a hearing
before dismissing a suit under section 14.003(a), it does not follow, as the
majority suggests, that if the court elects to hold such a hearing it may deny
or ignore a party=s request to record the proceeding;
indeed, the plain language of both Rule 13.1(a) and section 52.046(a) suggests
that a record of court proceedings is a right of the parties and not within the
discretion of the trial court.  A record of the hearing should have been made
if Nabelek requested one.  See Tex.
Govt. Code  Ann. ' 52.046(a)(2)(Vernon 2005); Tex. R. App. P. 13.1(a).

Nabelek alleges that the trial court denied his request for
a court reporter, informing him that the hearing was only to provide the court
with a Agrasp@ of the issues and
that the court would not rely on it in its final determinations of the matters
presented; therefore, the court purportedly explained, no record of the hearing
was necessary.[2] 
Nabelek further contends that despite these assurances, the trial court did
consider the arguments at the September 13, 2002 hearing in deciding to dismiss
his claim. The recitations in the October 18, 2002 AOrder Dismissing
Case@ support Nabelek=s argument:  

AOn September 13, 2002 the Court heard [the District Attorney]=s Motion to Dismiss Frivolous
Action and Motion for Summary Judgment.  At the hearing the court heard and
considered the pleadings and arguments of [Nabelek] (who participated in the
hearing without counsel) and counsel for the Defendant . . . .  The Court
orders as follows in connection with the Motions.  It is ordered that the
claims of [Nabelek] in this case are dismissed under Sec[t]ion 14.003(a)(2) of
the Texas Civil Practice and Remedies Code as frivolous claims.@  

 








The
order indicates that the arguments presented at the September 13, 2002 hearing
played a role in the trial court=s decision to
dismiss Nabelek=s claim.  Nabelek, however, has not shown
how the absence of a record of the hearing caused the rendition of an improper
judgment or prevented him from properly presenting his case to this court.  See
Tex. R. App. P. 44.1(a).  Because
Nabelek has not shown harm from the court=s denial of his
oral request that a record be made of the hearing, he is entitled to no
relief.  See State Farm Fire and Casualty Ins. Co., 941 S.W.2d 343, 350
(Tex. App.CWaco 1997, no pet.) (finding no grounds for reversal
where appellant was unable to show harm flowing from lack of record); Houston
Lighting & Power Co. v. Klein Indep. Sch. Dist., 739 S.W.2d 508, 520
(Tex. App.CHouston [14th Dist. 1987, writ ref=d n.r.e.) (holding
appellant=s rights not prejudiced on appeal based on missing
portions of the record where no harm was shown).  For this reason, the court
correctly overrules Nabelek=s first issue.  

Do Nabelek=s claims have an
arguable basis in law?








The District Attorney filed a motion for summary judgment
asserting that Nabelek=s claims are time-barred and that, as a
matter of law, the statute in question is constitutional as applied to
Nabelek.  Although the trial court held a hearing on this summary-judgment
motion, the trial court did not grant this motion or any other; rather, the
trial court dismissed Nabelek=s claims as frivolous under section
14.003(a)(2) of the Texas Civil Practice and Remedies Code.[3] 
See Tex. Civ. Prac. & Rem.
Code Ann. ' 14.003(a)(2) (Vernon 2002).  Because the
trial court dismissed Nabelek=s claims as frivolous under section 14.003
without holding an evidentiary hearing, this court can affirm the trial court=s ruling only if
Nabelek=s claims have no
arguable basis in law.  Retzlaff v. Tex. Dept. of Crim. J., 94 S.W.2d
650, 653 (Tex. App.CHouston [14th Dist.] 2002, pet. denied). 
As the majority acknowledges, for a claim to have no arguable basis in law, it
must be based on an indisputably meritless legal theory or be based on wholly
incredible or irrational factual allegations.  See Nabelek, C S.W.3d at C, 2005 WL 2148999,
at *3; Minix v. Gonzalez, 162 S.W.3d 635, 637 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  If Nabelek=s petition has an
arguable basis in law, then the trial court erred in dismissing it as
frivolous.  See Retzlaff, 94 S.W.2d at 654.       Because the
trial court did not sustain any special exceptions against Nabelek=s petition, this
court must construe the petition liberally in Nabelek=s favor.  See
Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 897 (Tex. 2000).  In
his petition, Nabelek alleges the following:

!       Nabelek brings suit to determine the
constitutionality of section 552.028 of the Texas Government Code as applied to
Nabelek and his circumstances.

!       The District Attorney, Awhen relying on [section 552.028]
to deny [Nabelek] access to public information under Open Records Act (ORA), is
unconstitutionally depriving [Nabelek] of his rights under the: First, Fifth,
Sixth and Fourteenth Amendments of the U.S. Constitution; the Due Process,
Equal Protection and Equal Opportunities Clauses of the Texas and/or U.S.
Constitutions . . . .@

!       As part of his investigation and preparation
for filing pro se habeas corpus actions that are now pending in the 208th
District Court, Nabelek requested the District Attorney, under the Open Records
Act, to give Nabelek access to all public information pertaining to Nabelek and
the prosecution against him which is in the files of the District Attorney.  

!       The District Attorney=s legal counsel, relying on section
552.028 repeatedly denied Nabelek=s requests for information in their entirety, citing
Nabelek=s imprisonment and the District
Attorney=s statutory discretionary power not
to comply with the request.

!       There are no discovery procedures available
for Nabelek to seek this public information, so the only mechanism Nabelek has
to obtain this information is through the Open Records Act.  

!       It is important for Nabelek to obtain this
public information so that he can use it in support of his arguments on habeas
corpus that his trial counsel rendered ineffective assistance by not
investigating the facts and applicable law and by not reviewing the District
Attorney=s file.  

!       Section 552.028 provides that a governmental
body is not required to accept or comply with a request for information from an
individual who is imprisoned or confined in a correctional facility.  








!       Section 552.028 is unconstitutional because
it allows the District Attorney to deny Nabelek access to information under the
Open Records Act because he is incarcerated, even though the District Attorney
cannot deny access to an attorney representing Nabelek.  

!       Section 552.028 violates the Equal Protection
and Due Process Clauses by unlawfully discriminating against Nabelek as a
prisoner and depriving him of access to public information that is available to
both those who are not in prison and attorneys representing prisoners.  

!       Nabelek seeks declaratory and injunctive
relief that section 552.028 is unconstitutional as applied to him.

Without addressing the merits of Nabelek=s claims, these
claims are not based on wholly incredible or irrational factual allegations,
and the majority has not stated or shown otherwise.  Furthermore, Nabelek=s claims are not
based on an indisputably meritless legal theory.  Regardless of whether Nabelek
would succeed on the merits, it is not indisputably  meritless to argue the
unconstitutionality of a statute that allows a governmental body to deny an
Open Records Act request from prisoners and their agents based solely on the
persons= status as
prisoners, while not allowing such a denial if the prisoners= attorneys make the
same request. The majority does not assert otherwise; rather, the majority
concludes that Nabelek=s claims are frivolous because they are
time-barred.








The majority=s analysis
conflicts with the applicable legal standard.  Nothing in Nabelek=s petition
indicates the dates or times when Nabelek made Open Records Act requests, and
nothing in the petition indicates that Nabelek=s claims are
time-barred. Nabelek does not assert that the District Attorney denied his Open
Records Act request in 1995 and that the statutory basis for this denial is
unconstitutional.  Rather, in his pleadings Nabelek speaks in the present
tense, asserting that the District Attorney is unconstitutionally depriving
Nabelek of his constitutional rights by denying him access to public
information to which he would have access if he were not imprisoned or if he
had counsel to represent him.  Nabelek does state that he requested information
in the past under the Open Records Act and that the District Attorney
repeatedly denied these requests based on Nabelek=s status as a
prisoner.  However, Nabelek does not state the dates on which he allegedly made
these requests.  The majority bases its analysis on documents contained in the
District Attorney=s summary-judgment evidence.  However, the
trial court did not grant summary judgment, so this court may not base its
decision on summary-judgment evidence.  The only issue before this court is
whether the claims asserted in Nablelek=s petition are
based on an indisputably meritless legal theory or on wholly incredible or
irrational factual allegations.  See Nabelek, C S.W.3d at C, 2005 WL 2148999,
at *3; Minix, 162 S.W.3d at 637.  Because Nabelek=s claims are not
so based, this court errs in affirming the trial court=s dismissal of
these claims as frivolous under section 14.003(a)(2) of the Texas Civil
Practice and Remedies Code.[4] 
See Elias v. DeLeon, No.12-04-00143-CV,  2005 WL 2404113, at *2
(Tex. App.CTyler Sept. 30, 2005, no pet.) (mem. op.) (holding
that prison inmate=s petition asserting conversion claim had
an arguable basis in law); Minix, 162 S.W.3d at 639 (holding that prison
inmate=s petition
asserting Theft Liability Act claim against two correctional officers in their
individual capacities had an arguable basis in law);  Retzlaff, 94
S.W.2d at 654 (holding that prison inmate=s petition for
judicial review of prison disciplinary proceeding had arguable basis in law).








Furthermore, with the exception of the situation in which
the petition contains facts affirmatively showing as a matter of law that the
claims are time-barred, the use of a statute-of-limitations defense to conclude
that one=s claims are frivolous
has no support in Texas jurisprudence.  Assertion of the statute of limitations
is an affirmative defense,[5]
which, by definition, presupposes that the prima facie elements of the alleged
unlawful conduct can be established, but provides independent grounds for why
the claim cannot be successful.  Heggy v. Amer. Trading Employee Retirement
Account, 123 S.W.3d 770, 778 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied) (AAn affirmative defense does not rebut the
factual propositions of the plaintiff=s pleading, but
instead, allows the defendant to introduce evidence to establish an independent
reason why the plaintiff should not prevail.@)  AAn affirmative
defense generally accepts the existence at one time or another of a prima facie
case.@ Id.  Thus,
it does not follow that a claim may be deemed to have no arguable basis in law
or fact merely because an affirmative defense could bar the claim.  The fact
that a claim is potentially barred by limitations does not render it
frivolous.  See Walston v. Lockart, No. 10-03-00183-CV, 2005 WL 428433,
at *6 (Tex. App.CWaco February 23, 2005, pet. denied)
(Gray, J., concurring in mem. op.) (concluding that the filing of a suit upon
which limitations has run, alone, is not grounds for sanctions or the
characterization of the suit as groundless or frivolous).  Even if the statute
of limitations barred the claims Nabelek asserts in his petition, this would
not mean Nabelek=s claims have no arguable basis in law,
unless Nabelek=s petition asserted facts showing as a matter of law
these claims are time-barred.  Nabelek=s petition does
not assert such facts.  The majority=s analysis on this
point is ill-reasoned.  

This court should grant rehearing, reverse the trial court=s order dismissing
Nabelek=s claims as
frivolous under section 14.003(a)(2) of the Texas Civil Practice and Remedies
Code, and remand for further proceedings.

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment
rendered and Concurring Opinion of September 8, 2005 Withdrawn and Dissenting
Opinion on Rehearing filed November 30, 2006.

 

Panel
consists of Justices Anderson, Hudson, and Frost. 

 

 









[1]  Texas Rule of Appellate Procedure 38.1(f) states in
pertinent part that Athe brief must state concisely and without argument
the facts pertinent to the issues or points presented. In a civil case, the
court will accept as true the facts stated unless another party contradicts
them.@  Tex. R. App. 38.1(f). 






[2]  The District Attorney does not challenge Nabelek=s statements in this regard.





[3]  Because the majority overrules issue five, it does not address Nabelek=s third issueCthe trial court=s alleged dismissal on the
alternative ground that Nabelek failed to comply with the requirements of
section 14.004 of the Texas Civil Practice and Remedies Code, which requires
indigent inmates to file an affidavit relating to previous filings.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 14.004 (Vernon 2002).  The order
of dismissal clearly states that it is based on section 14.003(a)(2) with no
mention of section 14.004 or Nabelek=s alleged non-compliance with it.





[4]  The majority also concludes Nabelek=s claims are frivolous because there is no justiciable
controversy as to his rights.  However, Nabelek asserts that section 552.028
violates the Texas and United States Constitutions and prevents him from
obtaining information he needs for his attempts to secure habeas corpus
relief.  The Attorney General asserts the statute is constitutional. 
Therefore, a justiciable controversy exists.  See Tex. Civ. Prac. & Rem. Code Ann. '' 37.003, 37.004.





[5]  AAffirmative
Defense@ is defined as A[a]
defendant=s assertion raising new facts and arguments that, if
true, will defeat the plaintiff=s or
prosecution=s claim, even if all allegations in the complaint are
true.@  Black=s
Law Dictionary 430 (7th ed. 1999).