# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00324-CV

**Archie Terrell Scaife, Appellant**

**v.**

**The State of Texas, Bell County District Attorney's Office,
Bell County Police Department, and Individuals, Appellees**

**FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
NO. 256,033-B, HONORABLE RICK MORRIS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Archie Scaife pleaded guilty to possessing, in a school zone, more than one gram but less than four grams of cocaine. *See* Tex. Health & Safety Code §§ 481.115(a), (c), .134(a)-(c). "The trial court accepted [Scaife]'s pleas, adjudged him guilty, and sentenced him to fifteen years' imprisonment as called for in a plea bargain agreement. [Scaife] filed a pro se notice of appeal," but this Court dismissed his appeal for want of jurisdiction. *Scaife v. State*, No. 03-09-00478-CR, 2010 Tex. App. LEXIS 4225, at *1-2 (Tex. App.—Austin June 3, 2010, no pet.) (mem. op., not designated for publication). The mandate in that case issued in August 2010.

A few years after his appeal was dismissed and after the mandate issued, Scaife filed a "Suit For Disclosure." After the district court reviewed Scaife's petition, the court concluded that Scaife's suit was frivolous and malicious and, therefore, dismissed Scaife's suit with prejudice. Scaife appeals the district court's order dismissing his suit for disclosure.

Chapter 14 of the Civil Practice and Remedies Code governs inmate litigation. *See* Tex. Civ. Prac. & Rem. Code §§ 14.001-.014. The legislature's primary purpose when enacting Chapter 14 "was to provide courts with a mechanism to reduce the toll of frivolous inmate litigation on judicial and state resources." *Lopez v. Serna*, 414 S.W.3d 890, 896 (Tex. App.—San Antonio 2013, no pet.). "One of the provisions enabling trial courts to actively guard judicial resources against frivolous inmate lawsuits is the pre-service dismissal provision" located in subsection 14.003(a). *Id.* Under that subsection, a trial court "may dismiss a claim, either before or after service of process, if the court finds that . . . the claim is frivolous or malicious." Tex. Civ. Prac. & Rem. Code § 14.003(a)(2). That provision also establishes factors for trial courts to consider when determining whether a claim is "frivolous or malicious." *Id.* § 14.003(b). In particular, courts "may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." *Id.*

In this case, the district court's order states that Scaife's suit was dismissed as frivolous and malicious, but it does not refer to any of the grounds listed in subsection 14.003(b). *See id.* However, as in this case, when a trial court dismisses an inmate's suit without holding a fact hearing, *see id.* § 14.003(c) (authorizing but not requiring trial court to hold hearing before dismissing inmate claim), the issue to be considered on appeal is whether the inmate's suit had no arguable basis in law, *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.). When deciding if a claim had no basis in law, courts look to the cause of action and to the relief requested

2

to determine as a matter of law whether the petition sets forth a claim that would authorize relief.[1]

*Id.* An inmate's suit has no arguable basis in law when its legal theories are meritless or when the factual allegations forming the basis for the suit are irrational or incredible. *Nabelek v. District Attorney of Harris Cnty.*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

Typically, if a trial court dismisses an inmate's claim under Chapter 14, appellate review of that decision is under an abuse-of-discretion standard. *Lopez*, 414 S.W.3d at 893. However, when a trial court dismisses an inmate's suit without convening a hearing on the ground that the suit had no basis in law, appellate courts perform a de novo review regarding whether the suit had a basis in law. *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). In performing this review, courts treat as true the allegations in the inmate's petition, *id.*, and examine whether the petition stated a cause of action that could warrant relief, *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). Reviewing courts should read a

---

[1] In his notice of appeal and in his appellate briefs, Scaife asserted that the district court erred by dismissing his suit because the district court ruled without allowing the State to contest his affidavit of indigency and because the State was not provided with service of process. However, these assertions do not bear upon the district court's decision to dismiss his suit as frivolous and malicious. Accordingly, we do not address them in this appeal. However, we do note that under section 14.003, a trial court is expressly empowered to dismiss an inmate's suit "either before or after service of process." Tex. Civ. Prac. & Rem. Code § 14.003(a).

In his appellate briefs, Scaife also includes arguments that were never made to the district court, including whether the district court erred in failing to rule on the merits of his suit and whether the district court's ruling conflicts with the governing statutes and with the Rules of Civil Procedure. Although those complaints were not preserved for review, *see* Tex. R. App. P. 33.1 (setting out manner in which complaint is preserved for appeal), when addressing the propriety of the district court's ruling, we have endeavored to show that the district court's ruling was in compliance with the relevant requirements. Moreover, to the extent that Scaife suggests that the district court was required to make an explicit determination on the merits of his suit after deciding that his suit was frivolous and malicious, we cannot agree that that type of ruling is required by Chapter 14.

petition prepared by a pro se inmate liberally and should not hold the petition to the same pleading standards used for petitions prepared by attorneys. *Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

With the preceding standard in mind, we review Scaife's petition to determine whether he alleged a cause of action that could authorize relief. In his petition, he asserted that he wanted "to investigate a potential claim" against the State, against two of the police officers involved in his arrest (Officers Ronnie Supak and Carl Pergande), and against a confidential informant with an "unknown name at this time." Regarding the informant, Scaife alleged that his or her name must be disclosed for him to pursue his claims and because the confidential informant was named in his suit. When discussing the informant's role in his arrest, Scaife asserted that when Officer Supak applied for the search warrant that ostensibly led to his arrest, the officer swore in his affidavit "that he received the information from [the informant]." Regarding the affidavit, Scaife contended that the officer swore to the following:

> Within a 48 hour period preceding the preparation of this affidavit, your Affiant met with a reliable and confidential informant. The informant[']s identity must remain a secret for his/her own personal safety. This informant has been proven reliable and credible providing your Affiant with information concerning the trafficking of narcotics in the Killeen, Bell County area on previous occasions leading to the recovery of controlled substances. This informant has also advised your Affiant that he/she is personally familiar with the controlled substance, Crack Cocaine and the way it is packaged for resale, because he/she has purchased Crack Cocaine in the past.

Similarly, Scaife asserted that the affidavit explained that the confidential informant had previously made purchases of "Crack Cocaine from" individuals purportedly residing at the residence to be searched.

4

In addition to referring to a potential claim against the informant, Scaife mentioned that a governmental unit can be held liable for the actions of its employees and cited the provision of the Civil Practice and Remedies Code setting out the circumstances in which governmental entities may be held liable for the actions of their employees. *See* Tex. Civ. Prac. & Rem. Code § 101.021. Moreover, Scaife referred to the arresting officer, Officer Pergande, and asserted that his testimony regarding "what he stated took place" is necessary and that he is a party to the suit.

Subsequent to discussing the affidavit and mentioning that governmental entities may be held liable for the actions of their employees, Scaife wrote that he was not identified in the affidavit and that he was not charged with an offense described in the affidavit. Accordingly, Scaife urged that the police performed an illegal search of his pockets. Furthermore, Scaife insisted that there was nothing to corroborate the assertions made by the informant and that the informant's name is necessary "to establish the facts that the Search and Arrest Warrant [was] defect[ive]" and "subject to suppression."

Finally, Scaife concluded by stating that the "informant's information is subject to impeachment" under Rule of Evidence 508. *See* Tex. R. Evid. 508.

As a preliminary matter, we note that the nature of Scaife's potential claims against the State, the two officers, and the confidential informant are not readily identifiable in his petition. Reading his petition very liberally, the petition appears to focus on two distinct subjects: (1) a challenge to his conviction on the ground that the search warrant that led to his arrest was defective; and (2) a request for the disclosure of the informant's name as part of a defensive strategy to a forfeiture proceeding against him in which the State is seeking to seize alleged contraband belonging

to him. Regarding his conviction, we note that the search warrant that Scaife referred to in his petition was not made a part of the record in this case. More importantly, Scaife pleaded guilty to the crime alleged, and this Court dismissed the appeal of his conviction for want of jurisdiction. *Scaife*, 2010 Tex. App. LEXIS 4225, at *2. Chapter 14 is not intended to provide a forum for collaterally attacking criminal convictions. *See Kennedy v. Staples*, 336 S.W.3d 745, 753 (Tex. App.—Texarkana 2011, no pet.). Regarding the forfeiture proceeding, Scaife referred to Rule of Evidence 508 and arguably suggested that the disclosure of the informant's name is required under that Rule. *See* Tex. R. Evid. 508. That Rule allows governmental entities "to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer." *Id.* R. 508(a). The Rule lists three exceptions, but Scaife does not allege that any of the exceptions apply. Even assuming that Scaife had asserted that one of the exceptions applied, we do not believe that Scaife's petition can fairly be read as articulating a cause of action authorizing relief. Instead, Scaife's petition seems to be designed as an improper discovery tool aimed to help him prepare for the forfeiture suit against him.

Moreover, although Scaife also mentioned in his petition that governmental entities may be held liable for the actions of their employees in certain circumstances, Scaife does not identify which employees he complains about or specify any conduct that would form the basis for a suit against a governmental agency. In fact, although Scaife listed the State, the Bell County District Attorney's Office, and the Bell County Police Department in the style of his petition, Scaife does not explain which, if any, of those governmental bodies would be the subject of his liability claims.

Under the most liberal of standards, Scaife's petition does not articulate a cause of action that might entitle him to relief. Accordingly, we cannot conclude that the district court erred when it determined that Scaife's suit was frivolous and malicious and that Scaife's claims had no arguable basis in law. *See* Tex. Civ. Prac. & Rem. Code § 14.003(a)(2), (b)(2). Similarly, we must also conclude that the district court did not abuse its discretion when it dismissed Scaife's suit with prejudice. *See Hamilton*, 298 S.W.3d at 340-41 (explaining that "if the trial court's dismissal is based on the conclusion that the inmate's claim has no arguable basis in law, then a dismissal with prejudice is proper" and that appellate courts review trial court's dismissal with prejudice for abuse of discretion); *see also Spurlock*, 94 S.W.3d at 657 (stating that trial court abuses its discretion if its ruling is "arbitrary or unreasonable or without reference to any guiding rules or principles").

Therefore, we affirm the order of the district court.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   April 8, 2014