

**IN THE
TENTH COURT OF APPEALS**

_____

**No. 10-16-00158-CV**

**ALVIE ROBINSON,**

**Appellant**

**v.**

**ALICIA SCOTT AND BRANDEN MULLENS,**

**Appellees**

_____

**From the 278th District Court
Walker County, Texas
Trial Court No. 25,737**

_____

**MEMORANDUM OPINION**

_____

Alvie Robinson is a prison inmate. He sued Texas Department of Criminal Justice Correctional Officers Alicia Scott and Branden Mullens (officers) in their official and individual capacities under the Texas Theft Liability Act for damages arising from the alleged theft and conversion of his personal property when he was moved from one prison wing to another. The officers filed a plea to the jurisdiction, and after a hearing, the trial court granted the plea to the jurisdiction. Because the officers were entitled to raise sovereign immunity, because Robinson's claims were subject to the election of

remedies provision of the Texas Tort Claims Act, and because an earlier ruling allegedly denying the motion by a different trial court judge did not bind a subsequent trial court judge under the doctrine of *stare decisis* to dismiss the officers' plea to the jurisdiction, the trial court's judgment is affirmed.

**OFFICIAL IMMUNITY**

Robinson alleged in his petition the officers were charged with inventorying his property when he arrived at the new prison wing and committed theft and conversion when the property went missing.

In his first issue, Robinson complains that the trial court erred in granting the officers' plea to the jurisdiction because the officers were not entitled to official immunity. Specifically, he asserts the officers' acts of inventorying his property were ministerial and thus, not subject to official immunity. But the officers did not claim official immunity in their plea to the jurisdiction. They claimed sovereign immunity. Robinson, however, contends that because he did not name the State as a defendant and only the State is entitled to sovereign immunity, the officers raised only a claim of official immunity. Robinson is incorrect.

Generally, sovereign immunity bars suits against the State and its entities, and this immunity remains intact unless surrendered in express and unequivocal terms by the statute's clear and unambiguous waiver.[1]  TEX. GOV'T CODE ANN. § 311.034 (West 2013);

---

[1] Official immunity is an affirmative defense that protects government employees from personal liability. *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000).

*Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012). A suit against a government employee in his official capacity is a suit against his government employer; therefore, an employee sued in his official capacity has the same governmental immunity, derivatively, as his government employer. *Franka v. Velasquez*, 332 S.W.3d 367, 382-83 (Tex. 2011). Robinson sued the officers in their official capacities; thus, they are entitled to raise sovereign immunity, as they did. They did not raise the affirmative defense of official immunity.

Accordingly, Robinson's first issue is overruled.

**ELECTION OF REMEDIES**

Next, Robinson asserts that his claims were not subject to the Texas Tort Claims Act's election of remedies provision, specifically section 101.106(f), because he alleged claims under the Texas Theft Liability Act, and theft and conversion are not intentional torts.[2]

A tort is a civil wrong for which a remedy may be obtained, usually in the form of damages. BLACK'S LAW DICTIONARY 1496 (7th ed. 1999). Conversion and theft are torts. *See* RESTATEMENT (SECOND) OF TORTS, § 222A 1979); *Zapata v. Ford Motor Credit Co.*, 615 S.W.2d 198, 201 (Tex. 1981) (conversion); *City of Houston v. Petroleum Traders Corp.*, 261 S.W.3d 350, 361 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (conversion—intentional

---

[2] Whether a tort is an intentional tort is only relevant to the Texas Tort Claims Act's waiver of immunity. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (West 2011) (chapter does not apply to intentional torts). A plaintiff's allegation of an intentional tort does not affect the application of section 101.106. *See Franka v. Velasquez*, 332 S.W.3d 367, 375 (Tex. 2011) ("…any tort claim against the government is brought 'under' the Act for purposes of section 101.106, even if the Act does not waive immunity.").

tort); *Minix v. Gonzales*, 162 S.W.3d 635, 639 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Section 101.106(f) protects employees of governmental units from tort suits against them in their individual capacities that could have been brought under the TTCA against the governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011). A tort claim may be "brought under" the TTCA regardless of whether the TTCA waives immunity for that claim. *Tex. Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 356 n.5 (Tex. 2013); *Franka v. Velasquez*, 332 S.W.3d 367, 379 (Tex. 2011). However, claims brought against the government pursuant to statutory waivers of immunity that exist apart from the TTCA are not "brought under" the TTCA. *Ngakoue*, 408 S.W.3d at 356 n.5; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008).

Robinson alleged Scott and Mullins failed to complete their inventories of Robinson's property which ultimately resulted in him being deprived of his personal property. These actions or inactions, he contended, amounted to "theft and/or conversion" in violation of the Texas Theft Liability Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 134.001-.005 (West 2011). However, the TTLA does not waive sovereign immunity. Thus, Robinson tort claims against the officers "could have been brought" against the prison and are subject to section 101.106(f).[3]

Accordingly, Robinson's second issue is overruled.

---

[3] Artful pleading will not change the tort nature of the claim. *Fink v. Anderson*, 477 S.W.3d 460, 472 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

*STARE DECISIS*

In his third issue, Robinson contends the trial court should have dismissed the State's plea to the jurisdiction pursuant to the doctrine of *stare decisis* because the jurisdictional issues raised by the State had been previously denied by the trial court. Robinson asserts that the prior sitting trial court judge heard and denied, albeit orally, two previously filed motions for summary judgment raising sovereign immunity.[4]

The doctrine of *stare decisis* governs only the determination of questions of law and its observance does not depend upon identity of parties. *Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964). After a principle, rule, or proposition of law has been squarely decided by the Supreme Court, or the highest court of the State having jurisdiction of the particular case, the decision is accepted as a binding precedent by the same court or other courts of lower rank when the very point is again presented in a subsequent suit between different parties. *Id.*

Robinson cites to nothing other than *stare decisis* for the proposition that one cannot move for summary judgment or dismissal of a claim after a previous motion has been denied. Assuming without deciding that trial courts are bound by their own determinations of law under the doctrine of *stare decisis*, the trial court did not make a determination of law in this case and the issue of sovereign immunity was not presented in a subsequent suit between different parties. Thus, the doctrine of *stare decisis* does not

---

[4] The record before us contains only one motion for summary judgment filed by the officers, and the court's docket sheet contains only one docket entry denying the officers' motion for summary judgment.

support Robinson's proposition.  Accordingly, the trial court was not bound by *stare decisis* to deny the officers' plea to the jurisdiction.

Robinson's third issue is overruled.

## CONCLUSION

Having overruled each of Robinson's issues raised on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed February 28, 2018
[CV06]

