**Paul AVILA, Appellant,**

v.

**HAVANA PAINTING COMPANY, INC., Appellee.**

**No. C14–87–633–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 13, 1988.

Rehearing Denied Nov. 10, 1988.

Paul Avila, Houston, for appellant.

L.T. Bradt, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

This is a dispute over attorney's fees. Appellee, Havana Painting Company ("Havana"), brought suit against its attorney, Paul Avila, for funds collected by Avila on behalf of Havana. Avila filed a counterclaim asserting his right to attorney's fees expended in the defense of Havana's lawsuit. The case was tried to the court and the trial judge ordered that Avila take nothing and Havana recover actual and exemplary damages. While Avila brings four specific points of error, we have encountered difficulty understanding his contentions. We have determined, however, from the briefs and the record, that his primary contention is that the evidence at trial was insufficient to support the trial court's award of actual and punitive damages. We affirm.

In March, 1981 Roberto Mesa, president of Havana, hired Avila to collect several past due accounts. Mesa first paid Avila approximately $400 for his services. Avila then filed suit against one of Havana's accounts, the Woodland Oaks Apartments. Claiming difficulty in obtaining service on Woodland Oaks Apartments, Avila asked Mesa for another $250. Mesa paid Avila $250 with a check and noted on the check, "Full Payment Woodland Oak Apts." Avila received and cashed both checks. When Avila received $8,755 from the Woodland Oaks Apartments in settlement of the lawsuit, he refused to tender it to Havana. Avila claimed Havana still owed him forty-five percent of the recovery. Havana then brought suit against Avila alleging breach of fiduciary duty and conversion. Avila answered, asserting that a fee of forty-five percent of the recovery was still due, and that the $650 Havana had already paid was merely a retainer.

On November 11, 1981 the trial court ordered that the $8755 in checks Avila received from Woodland Oaks Apartments be deposited in the registry of the court pending further order of the court or final trial. On November 17, 1981 an agreed order was signed permitting Havana to withdraw $4815.25 from the $8755 and ordering that $3939.75, representing the forty-five percent Avila claimed, remain in the court's registry. On January 9, 1987, trial was had to the court and the court ordered that Avila take nothing and that he be divested of any interest in the $3939.75. The trial court awarded the amount in the court's registry to Havana as actual damages. The trial court also assessed exemplary damages in the amount of $3600 against Avila for his breach of fiduciary duty.

Avila's points of error present two issues: (1) whether the evidence was sufficient to support the trial court's award of actual damages to Havana, and (2) whether the actual damage award will support the trial court's assessment of punitive damages. We conclude there is sufficient evidence of actual damages suffered by Havana, and that the trial court's award of actual damages supports its assessment of punitive damages.

In its original petition Havana pled two causes of action alleging Avila breached his fiduciary duty to his client, Havana, and that Avila converted funds which belonged

to Havana. The trial court's judgment does not specify under which theory actual damages were awarded. We conclude the evidence is sufficient to support an award of actual damages for breach of fiduciary duty.

■ The relationship between an attorney and client is a fiduciary one and their dealings are subject to the same scrutiny as a trustee and a cestui que trust. *Archer v. Griffith*, 390 S.W.2d 735, 739 (Tex. 1965). The Code of Professional Responsibility requires that an attorney promptly pay or deliver to the client all funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive. SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. XII, sec. 8 (Code of Professional Responsibility) DR 9–102(B) (1973). A breach of the duty under DR 9–102(B) gives rise to a cause of action sounding in tort, not an action for breach of the representation contract. *Nolan v. Foreman*, 665 F.2d 738, 743 (5th Cir.1982) (applying Texas law).

■ At trial, Havana presented evidence that Avila received funds from Woodland Oaks Apartments which Havana was entitled to receive and that Avila refused to deliver those funds to Havana until Havana sued Avila and requested an injunction to compel Avila to release the funds. Havana also presented evidence that it was necessary to hire an attorney to bring suit against Avila to collect the money to which Havana was entitled. Findings of fact and conclusions of law were neither requested nor filed. Therefore, all questions of fact are presumed found in support of the judgment, and we must affirm the judgment if it can be upheld on any legal theory with support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977). The evidence at trial was sufficient to show a breach of fiduciary duty. Therefore, the trial court's actual damage award is affirmed.

■ Avila next contends that the evidence was insufficient to support the trial court's assessment of punitive damages. Punitive damages may be assessed when a tort is committed with malice, *Ledisco Fi-nancial Services, Inc. v. Viracola*, 533 S.W.2d 951, 957 (Tex.Civ.App.—Texarkana 1976, no writ), and actual damages are awarded as a result of the tort. *Bellafonte Underwriters Ins. Co. v. Brown*, 704 S.W. 2d 742, 745 (Tex.1986). In *Bellafonte* the plaintiff brought suit under a breach of contract theory and under a tortious interference with a contract theory. The jury awarded the plaintiff actual damages for the breach of contract, but failed to award damages for the tort cause of action. The jury also awarded punitive damages to the plaintiff. The Court held that the plaintiff was not entitled to punitive damages because he had not shown that he suffered actual damages as a result of the tort claim. *Id.*

In the instant case, unlike *Bellafonte*, the trial judge found Havana suffered actual damages as a result of an independent tort. We have found the evidence sufficient to support the award of actual damages under the theory of breach of fiduciary duty which is a tort action. Furthermore, we find the evidence sufficient to support the trial court's implied finding that Avila acted intentionally and knowingly in breaching his fiduciary duty to his client. Therefore, we conclude that the trial court properly assessed punitive damages. Avila's four points of error are overruled.

Havana files two cross-points of error in which it claims: (1) the trial court failed to award damages as mandated by article 317 of the Texas Revised Civil Statutes Annotated (Vernon 1973); and (2) Avila's appeal is frivolous and Avila should be taxed costs, including attorney's fees, for this appeal. We agree with Havana's second cross-point and assess damages against Avila for filing this appeal for delay purposes only.

■ Article 317, now section 82.063 of the Texas Government Code Annotated (Vernon 1988), states:

(a) A person may bring an action against the person's attorney if the attorney receives or collects money for the person

and refuses to pay the money to the person on demand.

(b) To recover under this section the person must file a motion with a district court in either the county in which the attorney usually resides or the county in which the attorney resided when the attorney collected or received the money.

(c) Notice of the motion and a copy of the motion shall be served on the attorney not later than the fifth day before the trial.

(d) If the motion is sustained, judgment shall be rendered against the defendant for the amount collected or received and at least 10 percent but not more than 20 percent damages on the principal sum.

While the Code provides for the recovery requested, we find that Havana failed to file a motion with the district court requesting relief, and, therefore, is not entitled to recover the damages specified by section 82.063. Havana's first cross-point of error is overruled.

In its second cross-point of error Havana asserts that Avila's appeal is frivolous. Although we cannot assess attorney's fees as Havana requests, under Texas Rule of Appellate Procedure 84 we may assess ten percent (10%) of the trial court's judgment as damages for bringing a frivolous appeal. We can and do exercise our discretionary authority under Rule 84 and assess against Avila an additional ten percent (10%) of the $3600 punitive damage award as damages for filing this appeal for purposes of delay only. Such an assessment is authorized where the appeal is less than meritorious and the statutory post-judgment interest fails to adequately compensate the appellee for the delay caused by appeal. *Texas Employers' Ins. Ass'n v. Dempsey*, 508 S.W.2d 858, 861 (Tex.Civ. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.).

In this case, Havana has waited seven years since Avila collected the funds from Woodland Oaks Apartments and still has not received all of the money to which it is entitled. More than thirteen months have elapsed since Havana obtained a final judgment. Although Avila perfected his appeal, filed his brief, and appeared for oral argument, the points of error presented were, without exception, lacking in merit. We find that the post-judgment interest in this case does not adequately compensate Havana for the delay caused by the appeal. The judgment of the trial court is accordingly modified to include an additional ten percent (10%) of the punitive damage award as damages. All costs are assessed against Avila.

The judgment of the trial court is affirmed.