NO. 07-08-0484-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 16, 2009
_____

LUIS S. LAGAITE, JR.,

Appellant

v.

GREGORY C. BOLAND, ET AL.,

Appellees
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 97,061-C; HON. ANA ESTEVEZ, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Luis S. Lagaite, Jr. (Lagaite) appeals the dismissal of his lawsuit against Gregory C. Boland, and other prison employees or officials. Through four issues, Lagaite contends that the trial court erred by failing to allow him opportunity to amend his complaint, take his facts alleged as true, violated his constitutional rights by not holding a hearing on his suit and by refusing to consider the merits of his claims. We reverse.

## Background

The following allegations underlying Lagaite's purported treatment by prison personnel were taken from his original petition. We make no representation as to their accuracy.

Lagaite (appellant) is an inmate at the Clements unit of the Texas prison system. On July 22, 2008, a search was performed by the defendants in this cause which resulted in Lagaite receiving disciplinary action for possessing unauthorized drugs, *i.e.* fifteen naproxen tablets. According to his petition, he was the only one who received such action even though others were found to possess contraband. Lagaite did not deny possessing the contraband. Instead, he explained that the drug upset his stomach; so, when it was given to him he opted to keep rather than ingest it.

Though no one else was disciplined even though contraband was found in their cells, a disciplinary proceeding was initiated against appellant and heard by the disciplinary officer, Gregory Boland. The latter apparently concluded that appellant violated a prison rule or regulation and assessed punishment at forty-five days cell restriction, forty-five days recreation restriction, forty-five days commissary restriction, and loss of thirty days of good time. Appellant was further demoted in privilege level from a blue to brown where he was not allowed television, radio and commissary privileges. Upon receiving this punishment, he filed a grievance, alleging retaliation and the violation of his constitutional rights. The grievance was denied October 1, 2008.

On October 27, 2008, Legaite filed the suit at bar. Through his petition, he alleged that the aforementioned punishment constituted retaliation for 1) his having previously filed a grievance against a prison nurse for dispensing his medicine by kicking it through the cell

2

door and across the floor, 2) appealing Boland's decision, and 3) for assisting another inmate in filing a grievance. So too did he allege that Boland denied him a fair hearing by refusing to reduce the infraction to a minor one. The punishment levied against him further and purportedly violated his right to be free of cruel and unusual punishment. Though not included in the initial grievance heard by Boland, appellant also complained of the size of the desk given him. It allegedly was too small for him to use for purposes of eating and drafting legal memoranda. For relief, he sought a declaratory judgment, compensatory damages, punitive damages and injunctive relief.

The trial court dismissed the matter via order signed on November 5, 2008, and before the issuance of service of process. It did so after concluding that Lagaite sought to proceed as an indigent and that his claims were "frivolous and malicious."

### *Law and Analysis*

Statute authorizes that a trial court can dismiss a lawsuit filed by an inmate who claims to be an indigent. TEX. CIV. PRAC. & REM. CODE ANN. §§14.002(a) & 14.003(a) (Vernon 2002). Dismissal lies within the trial court's discretion, *Retzlaff v. Texas Dep't of Criminal Justice,* 94 S.W.3d 650, 654 (Tex. App.– Houston [14th Dist.] 2002, pet. denied), and may be founded on several grounds, one of which is the conclusion that the complaint is "frivolous and malicious." TEX. CIV. PRAC. & REM. CODE ANN. §14.003(a)(2). In determining whether a suit falls within that category, the trial judge may consider whether 1) the claim's realistic chance of success is slight, 2) the claim has no arguable basis in law or in fact, 3) it is clear that the party cannot prove a set of facts in support of the claim, or 4) the claim is substantially similar to a previous one filed by the inmate. *Id.* §14.003(b).

3

Of these four grounds, the first three are addressed through answering whether the complaint "lacks an arguable basis in law or fact." *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex. 1990) (per curiam). We finally note that *pro se* petitions are to be liberally construed, and the allegations mentioned therein are to be taken as true. *Wilson v. TDCJ-ID*, 268 S.W.3d 756, 758 (Tex. App.–Waco 2008, no pet.).

Upon liberally reading Lagaite's petition, we construe it as alleging a complaint arguably founded in the law.[1] Prison officials cannot retaliate against a prisoner for the latter's exercise of protected rights, and such rights include the ability to petition for redress of grievances. *See Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006) (stating that First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment). Given this, the trial court abused its discretion in dismissing the suit as frivolous and malicious, and we reverse and remand the cause. Yet, in doing so, we do not address whether any of his other allegations contained in the petition have an arguable basis in the law. Nor do we comment upon the ultimate viability of his complaints.


Brian Quinn
Chief Justice

---

[1] Because the trial judge did not conduct a hearing to determine whether the complaint had any arguable factual basis, it could not dismiss the proceeding on that ground. *Scott v. Gallagher,* 209 S.W.3d 262, 266 (Tex. App.–Houston [1st Dist.] 2006, no pet.).