Affirmed in Part; Reversed and Remanded in Part; Majority and Concurring
and Dissenting Opinions filed October 21, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00420-CV

___________________

 

Charles W. Burnett, Appellant

 

V.

 

David Sharp, Appellee



 



 

On
Appeal from the 412th District Court

Brazoria County,
Texas



Trial Court Cause No. 51711

 



 

 

MAJORITY OPINION[1]

This is an appeal from a case in
which a client sued his former lawyer alleging
that the lawyer refused to return the unearned part of a fee retainer.  The
main issue is whether, under a de novo standard of review, the trial court
erred in concluding that each of the client’s claims is based on an “indisputably
meritless legal theory.”  The client’s claims for breach of fiduciary duty,
money had and received, and conversion are not based on indisputably meritless
legal theories, but the client’s negligence and intentional-misrepresentation
claims are based on indisputably meritless legal theories.  Accordingly, the
trial court’s judgment is affirmed in part and reversed and remanded in part.

I.  Factual and Procedural Background

Appellant Charles W. Burnett is an inmate housed in
the Texas Department of Criminal Justice, Institutional Division.  He filed
suit in forma pauperis against appellee David Sharp, a Texas lawyer.  In
his petition, Burnett alleges that Sharp represented him in a criminal case and
that he gave Sharp a $3,000 retainer for legal services. Burnett alleges that
Sharp refused to return the unearned part of the retainer after Burnett replaced
Sharp with another lawyer.  Before service of process was accomplished, and
without a hearing, the trial court signed an order dismissing Burnett’s case
with prejudice on grounds that Burnett “failed to state a cause of action as a
matter of law.”  Burnett appeals from the trial court’s dismissal order.

II. Analysis

A.        Did the trial court dismiss the claims under Chapter 14 of
the Texas Civil Practice and Remedies Code?  

In its dismissal order the trial court states that
Burnett “failed to state a cause of action as a matter of law,” without citing
to any case, statute, or other legal authority.  As a threshold matter, we
consider whether, in dismissing Burnett’s claims, the trial court was acting
under Chapter 14 of the Texas Civil Practice and Remedies Code, which governs
inmate in forma pauperis lawsuits.[2] 
See Tex. Civ. Prac. & Rem.
Code Ann. §§ 14.001–.014 (Vernon 2009).  A trial court may dismiss
an inmate’s claims under Chapter 14, “either before or after service of
process, if the court finds that . . . the claim is frivolous or malicious[.]” 
 Id. § 14.003(a)(2).  The court “may” hold a hearing “before or after
service of process,” and may do so “on motion of the court, a party, or the
clerk of the court.”  Id. § 14.003(c).  In Minix v. Gonzales,
this court determined that an order substantially similar to the one under
review constituted an order dismissing the claims as frivolous under sections
14.003(a)(2) and (b)(2) because the claims had “no arguable basis in law.” See
Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003 (a), (b); Minix v. Gonzales, 162 S.W.3d 635, 637 (Tex.
App.—Houston [14th Dist.] 2005, no pet.).  In other opinions this court has
followed Minix and has equated a determination that an inmate “failed to
state a cause of action as a matter of law” with a determination that an
inmate’s claim “has no arguable basis in law” under sections 14.003(a)(2) and
(b)(2).  See Ramon v. Dow, No. 14-07-01024-CV, 2009 WL 508427, at
*1 (Tex. App.—Houston [14th Dist.] Mar. 3, 2009, no pet.) (mem. op.); Gardner
v. Tex. Dep’t of Crim. Justice, No. 14-07-00992-CV, 2009 WL 87594, at *1
(Tex. App.—Houston [14th Dist.] Jan. 15, 2009, pet. denied) (mem. op.).  But,
in two other post-Minix opinions, without citing Minix, this
court has concluded that an order dismissing an inmate’s claim because the
inmate “failed to state a cause of action as a matter of law” was not a dismissal
under Chapter 14.  See Anthony v. Owens, No. 14-07-01077-CV, 2009 WL
4250762, at *1 (Tex. App.—Houston [14th Dist.] July 7, 2009, no pet.) (mem.
op.); Cooper v. Tex. Dep’t of Crim. Justice, No. 14-07-00741-CV, 2009 WL
1312944, at *1 (Tex. App.—Houston [14th Dist.] May 12, 2009, no pet.) (mem.
op.).  The Anthony and Cooper courts, after noting that the
respective appellants had not challenged the trial court’s dismissal without a
hearing and for a basis not stated in Chapter 14, addressed the appellants’
complaints premised on a Chapter 14 dismissal and concluded that the complaints
would lack merit even if the trial court had dismissed the claims under Chapter
14. See Anthony, 2009 WL 4250762, at *1–3; Cooper, 2009 WL
1312944, at *1–3.  

In part of his appellate brief, Burnett asserts that
the trial court erred by dismissing his claims for “failure to state a claim”
because this is not a proper basis for dismissal under Chapter 14.  Under Minix,
the trial court’s dismissal based on a determination that Burnett “failed to
state a cause of action as a matter of law” is equivalent to a dismissal based
on a determination that Burnett’s claims are frivolous because they have “no
arguable basis in law.”  Minix, 162 S.W.3d at 637.  The panels in Anthony
and Cooper did not distinguish or purport to apply Minix.  See
Anthony, 2009 WL 4250762, at *1; Cooper, 2009 WL 1312944, at *1. 
Research does not reveal a decision from a higher court or this court sitting
en banc that is on point and contrary to this part of Minix, nor is
there an intervening and material change in the statutory law.  Therefore, we
are bound by this prior holding in Minix rather than the decisions in
Anthony and Cooper.  See Chase Home Fin., L.L.C. v. Cal W.
Reconveyance Corp., 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.]
2010, no pet.) (stating that, absent a decision from a higher court or this
court sitting en banc that is on point and contrary to the prior panel holding
or an intervening and material change in the statutory law, this court is bound
by the prior holding of another panel of this court); see also Lucky-Goldstar
Int’l (America), Inc. v. Philbro Energy Int’l, Ltd., 958 F.2d 58, 60 (5th
Cir. 1992) (stating that, if one panel of a court of appeals fails to apply or
distinguish a prior panel holding that is on point, a third panel of that court
is bound by the holding of the first panel rather than the second panel). 
Under the Minix holding, we construe the trial court’s determination
that Burnett “failed to state a cause of action as a matter of law” to be a
determination that Burnett’s claims have “no arguable basis in law” under
sections 14.003(a)(2) and (b)(2).  See Minix, 162 S.W.3d at 637. 


B.        What claims did
Burnett plead?  

In determining the nature of claims in a petition to
which the trial court sustained no special exceptions, this court must construe
the pleading liberally in the pleader’s favor and construe the petition to
include all claims that reasonably may be inferred from the language used in
the petition, even if the petition does not state all
the elements of the claim in question.  See London v. London,
192 S.W.3d 6, 13 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (concluding
that if trial court has not sustained any special exceptions as to a petition,
then it should be liberally construed).  The author of the concurring and
dissenting opinion urges a departure from this rule, arguing that it should not
be applied to petitions subject to Chapter 14 that are dismissed before service
of process is effected.  Carving out such an exception would contravene
longstanding policy that courts should read pleadings liberally to reach the
merits of the claims asserted rather than passing on the merits at the pleading
stage. The application of the liberal-construction-of-pleadings rule is not
based on whether a defendant has had an opportunity to assert special
exceptions; rather, this rule is based on the general policy of liberally
construing a pleading except to the extent that the trial court has ordered the
pleader to cure specific defects in the pleading.[3]  For this reason,
courts construing inmate petitions dismissed before service of process also
construe the inmate petitions liberally.[4] 
See Lagaite v. Boland, 300 S.W.3d 911, 913 (Tex. App.—Amarillo 2009, no pet.)
(stating court must liberally construe inmate petition dismissed before service
of process); Presiado v. Sheffield, 230 S.W.3d 272, 275 (Tex.
App.—Beaumont 2007, no pet.) (construing liberally inmate petition dismissed
before service of process based on trial court’s failure to sustain special
exceptions); Perales v. Kinney, 891 S.W.2d 731, 732 (Tex. App.—Houston
[1st Dist.] 1994, no pet.) (same as Lagaite). There is no legal
authority to support a departure from the liberal-construction-of-pleadings
rule in this context and no compelling reason to create or apply a different rule.

Under a liberal construction of the petition, Burnett
alleges the following:

●         In June 2006, Burnett
retained Sharp, a lawyer, to represent him in a criminal matter.

●         Burnett gave Sharp a $3,000
retainer.

●         Sharp had Burnett’s case
reset five times but did not provide any other legal services before Burnett
replaced Sharp with another lawyer.

●         Burnett called Sharp’s
office once, and Burnett’s family called Sharp many times on behalf of Burnett,
requesting a refund of the unearned portion of the retainer.

●         Burnett served Sharp with a
written demand for the return of the unearned portion of the retainer. Sharp
did not respond to this demand, nor did Sharp return any part of the unearned
retainer to Burnett.  

●         Sharp breached his fiduciary
duty to Burnett by refusing to return the unearned part of Burnett’s retainer. 


●         Sharp committed legal
malpractice, negligence, and “deception.”

●         Burnett is seeking
compensatory damages in the amount of $10,000.

 

            Under a
liberal construction of his petition, Burnett
has pleaded claims for breach of fiduciary duty, money had and received,
conversion, negligence, and intentional misrepresentation.[5]  See London, 192 S.W.3d at 13
(holding that pleading was sufficient to assert a claim for money had and
received, under which the only thing that needs to be proved “‘is that defendant
holds money which in equity and good conscience belongs to [the plaintiff]’”)
(quoting Staats v. Miller, 243 S.W.2d 686, 687 (Tex. 1951)); Vickery
v. Texas Carpet Co., Inc., 792 S.W.2d 759, 763 (Tex. App.—Houston [14th
Dist.] 1990, writ denied) (stating that conversion is the unauthorized exercise
of dominion and control over property inconsistent with or to the exclusion of
another’s superior rights in that property); Avila v. Havana Painting Co.,
761 S.W.2d 398, 399–400 (Tex. App.—Houston [14th Dist.] 1988, writ denied)
(holding that lawyer breached his fiduciary duty by refusing to return to
former client funds in his possession which the former client was entitled to
receive).  The next question is whether the trial court erred in concluding that
these claims have no arguable basis in law.  

C.        Do
Burnett’s claims have an arguable basis in law?

Whether a claim has an arguable basis in law is a
legal question to be reviewed de novo.  In re Humphreys, 880 S.W.2d 402,
404 (Tex. 1993); Retzlaff v. Tex. Dep’t of Crim. J., 94 S.W.3d 650, 653
(Tex. App.—Houston [14th Dist.] 2002, pet. denied).  A claim has no arguable basis in law only if it is based on (1)
wholly incredible or irrational factual allegations; or (2) an indisputably
meritless legal theory.  See Nabelek v. Dist. Attorney of Harris County,
290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  An inmate’s claim may not be dismissed merely because the
court considers the allegations “unlikely.” See Nabelek, 290 S.W.3d
at 228.  If Burnett’s claims have an arguable basis in law, then the trial
court erred in dismissing them as frivolous.  See Retzlaff, 94
S.W.2d at 654. Burnett’s claims are not based on wholly incredible or
irrational factual allegations.  Therefore, the main issue on appeal is whether
each of Burnett’s claims is based on an indisputably meritless legal theory.

1.         Breach-of-Fiduciary-Duty Claim

This court noted in Avila that, under a
provision of the former Code of Professional Responsibility, a lawyer was
required to promptly pay or deliver to the client all funds in the possession
of the lawyer which the client was entitled to receive.  See Avila, 761
S.W.2d at 400.  The Avila court concluded that a lawyer’s failure to
promptly pay or deliver such funds constitutes a breach of fiduciary duty.  See
id.  In Avila, this court held that a lawyer breached his fiduciary
duty by refusing to tender funds recovered for the client in a collection suit
until after the client sued the lawyer for return of the funds.  See id.
at 399–400.  By the time the client sued the lawyer, the lawyer’s
representation must have been terminated.  See Stephenson v. LeBoeuf.  See
16 S.W.3d 829, 836 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (stating
that “[i]ndeed it cannot be said there was any
attorney-client relationship when Stephenson sued LeBoeuf for his unpaid
attorney’s fees”).  Therefore, the Avila court concluded that the lawyer
had a fiduciary duty even after the lawyer’s representation of the client in
the collection suit had ended. See Avila, 761 S.W.2d 399–400.  A
lawyer who refuses to pay or deliver funds belonging to his former client upon
termination of the representation has breached a fiduciary duty owed to the
former client.[6] 
See id.

            The
word fiduciary “‘refers to integrity and fidelity.’” Goffney v. Rabson,
56 S.W.3d 186, 193 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (quoting Kinzbach
Tool Co. v. Corbett-Wallace Corp., 138 Tex. 565, 160 S.W.2d 509, 512 (1942)).  A breach of fiduciary duty
occurs when a lawyer benefits improperly from his representation
of the client by, among other things,
a “failure to deliver funds belonging to the client.”[7]   Watkins v. Plummer, No. 14-08-01040-CV, 2010 WL
2195459, at *6 (Tex. App.—Houston [14th Dist.] June 3, 2010, no pet. h.); Duerr
v. Brown, 262 S.W.3d 63, 70–71 (Tex. App.—Houston [14th Dist.] 2008, no
pet.); Trousdale v. Henry, 261 S.W.3d 221, 230 (Tex. App.—Houston [14th
Dist.] 2008, pet. denied); Goffney, 56 S.W.3d at 193.  This court repeatedly has affirmed
that a lawyer breaches his fiduciary duty if he refuses to give a client funds
belonging to the client, and this court has never stated that this duty ceases
if the client discharges the lawyer.  See Watkins, 2010 WL 2195459, at
*6; Duerr, 262 S.W.3d at 70–71; Trousdale, 261 S.W.3d at
230; Goffney,
56 S.W.3d at 193.  Indeed, given that a client may be discharging his lawyer
for good cause based on prior breaches by the lawyer of his fiduciary duty to
the client, there are compelling reasons why this fiduciary duty should
continue until the lawyer returns the client funds in his possession.  

The author of the concurring and dissenting opinion concludes
that a lawyer has a duty to return a client’s property upon demand during and
after the representation but that  this duty loses its fiduciary character when
the client terminates the representation.  In reaching this conclusion, the
author relies upon a single case, Stephenson v. LeBoeuf.  See 16
S.W.3d 829, 836 (Tex. App.—Houston [14th Dist.] 2000, pet. denied), which,
unlike the case under review, did not involve a lawyer’s failure to return the
unearned portion of the retainer.

            In Stephenson,
the lawyer’s representation of the client terminated in 1983.  See id. 
Six years later, in 1989, the lawyer obtained a judgment against the former
client for unpaid attorney’s fees.  See id. at 834.  In 1992, the lawyer
was seeking to enforce his judgment lien by pursuing proceeds from the sale of
the former client’s real property.  See id.  The former client asserted
that the lawyer owed her a fiduciary duty in 1992 based on the representation
that ended in 1983.  See id.  The former client contended that the
lawyer breached this fiduciary duty by asserting a claim against the proceeds
from the sale of her real property.  See id.  This court held that the
lawyer owed no fiduciary duty based on the representation that had terminated
more than eight years earlier.  See id.  In Stephenson, there was
no unearned part of a retainer, and the former client did not allege that the
lawyer failed to return any unearned retainer.  See id. at 834–36.

            The author of the
concurring and dissenting opinion concludes that Sharp’s fiduciary duty and his
attorney-client relationship with Burnett ceased when Burnett replaced Sharp
with another lawyer, relying upon the Stephenson court’s statement that
“[i]n the absence of an agreement to the contrary, an attorney-client relationship
generally terminates upon the completion of the purpose of the employment.”  Id.
at 836.  There is no sound reason why refusing to return client funds during
the representation should be a breach of fiduciary duty but that refusing to
return the same funds after the representation should not be a breach of
fiduciary duty.  Under Texas Disciplinary Rule of Professional Conduct 1.15(d),
entitled “Declining or Terminating Representation,” upon termination of a
representation, the attorney shall, to the extent reasonably practical,
surrender property that the client is entitled to receive to the client and
shall refund any advance payment of attorney’s fees that has not been earned.[8] See Tex. Disciplinary R. Prof’l Conduct
1.15(d), reprinted in Tex. Gov’t Code, tit. 2, subtit. G, app. A (Tex.
State Bar R. art. X, § 9. (Vernon 2005).  Given that, upon termination of the
representation, a lawyer has a duty to return any unearned part of the retainer
and any other client property to which the client is entitled, the return of
such property to the client would appear to be one of the purposes of the
representation and therefore would be part of the attorney-client relationship
under the statement in Stephenson.  See Stephenson, 16 S.W.3d at 836. 
But even if the return of unearned retainer did not fall within the scope of
the Stephenson court’s statement, the Stephenson court’s
statement was not absolute; rather, the court spoke to what was “generally” the
case.  See id.  The Stephenson court did not address whether a
lawyer has a fiduciary duty to return to the client any unearned retainer upon
termination of the representation.  See id. at 834–36.  

            For the reasons stated
above, if, as alleged, Sharp refused to return unearned retainer belonging to
Burnett, then Sharp breached his fiduciary duty.  Therefore, Burnett’s
breach-of-fiduciary duty claim is not based on an indisputably meritless legal
theory, and the trial court erred in dismissing this claim as frivolous under
section 14.003(a)(2).  

2.         Claims for Money Had and Received and Conversion

If, as alleged, Sharp refused to return unearned
retainer belonging to Burnett, then Sharp holds money which in equity and good
conscience belongs to Burnett, and Sharp could be found to have exercised dominion
and control over the unearned retainer in an unauthorized manner, inconsistent
with or to the exclusion of Burnett’s superior rights in this property.  See
London, 192 S.W.3d at 13 (holding that under claim for money had and
received, the only thing that needs to be proved “‘is that defendant holds
money which in equity and good conscience belongs to [the plaintiff]’”)
(quoting Staats, 243 S.W.2d at 687); Vickery, 792 S.W.2d at 763 (stating
that conversion is the unauthorized exercise of dominion and control over
property inconsistent with or to the exclusion of another's superior rights in
that property).  Therefore, Burnett’s claims for money had and received and
conversion are not based on indisputably meritless legal theories, and the
trial court erred in dismissing these claims as frivolous under section
14.003(a)(2).

3.         Negligence
Claim

Burnett also alleged in a
conclusory manner that Sharp was negligent.  But, notably, Burnett has not
alleged that Sharp failed to exercise care, skill, or diligence or that Sharp
exercised less care, skill, or diligence than would be exercised by lawyers of
ordinary skill and knowledge.  See Deutsch v. Hoover, Bax & Slovacek,
L.L.P., 97 S.W.3d 179, 189 (Tex. App.—Houston [14th Dist.] 2002, no pet.)
(stating that “[i]f the gist of a
client’s complaint is that the lawyer did not exercise that degree of care,
skill, or diligence as lawyers of ordinary skill and knowledge commonly
possess, then that complaint should be pursued as a negligence claim”).  If,
as alleged, Sharp refused to return unearned retainer belonging to Burnett,
this conduct would be actionable but it would not constitute professional
negligence.  See id.  Therefore, we conclude that, to the extent Burnett
asserted a negligence claim, the trial court did not err in dismissing this
claim as frivolous under section 14.003(a)(2).

4.         Intentional
Misrepresentation Claim

Burnett also alleged in a
conclusory manner that Sharp engaged in “deception.”  Notably, however, Burnett
has not alleged that Sharp made any material misrepresentation or that Sharp
intended that Burnett act on any such misrepresentation or that Burnett acted
in reliance on such a misrepresentation. See Ernst & Young,
L.L.P. v. Pacific Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001) (stating
elements of intentional-misrepresentation claim).  If,
as alleged, Sharp refused to return unearned retainer belonging to Burnett,
this conduct would be actionable but it would not constitute intentional
misrepresentation.  Therefore, to the extent Burnett asserted an
intentional-misrepresentation claim, the trial court did not err in dismissing
this claim as frivolous under section 14.003(a)(2).

III.  Conclusion

Burnett’s petition, liberally construed, contains
claims for breach of fiduciary duty, money had and received, conversion,
negligence, and intentional misrepresentation.  The first three claims are not
based on (1) wholly incredible or irrational factual allegations; or (2)
indisputably meritless legal theories.  Therefore, the trial court erred in
dismissing these three claims as frivolous under section 14.003(a)(2).[9] However, Burnett’s
negligence and intentional-misrepresentation claims are based on indisputably
meritless legal theories, and the trial court did not err in dismissing these claims
as frivolous.[10] 
Accordingly, to the extent the trial court dismissed with prejudice Burnett’s
negligence and intentional-misrepresentation claims, the trial court’s judgment
is affirmed.  The remainder of the judgment is severed, reversed, and remanded for
further proceedings consistent with this opinion. 

 

 

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

Panel
consists of Justices Frost, Boyce, and Sullivan. (Boyce, J., concurring and dissenting)
(Sullivan, J., concurring without opinion).









[1]
This is a majority opinion as to sections I., II.A., and II.C.3. and a
plurality as to the remainder.





[2]
All statutory references in this opinion are to the Texas Civil Practice and
Remedies Code, unless otherwise specified. 





[3]
The author of the concurring and dissenting opinion also states that it was not
possible for Sharp to file special exceptions because he had not been served. 
In fact, defendants who have not been served with citation sometimes learn of
the suit against them and file answers and special exceptions without ever
having been served with process. See Tex.
R. Civ. P. 121. In any event, for the reasons noted above, the
liberal-construction-of pleadings rule is applied regardless of whether the
defendant has been served or has responded to the suit.





[4]
Though neither the assertion nor sustaining of special exceptions is required
before a trial court has the power to dismiss an inmate’s claims under Chapter
14, this does not impugn application of the rule that petitions should be
liberally construed absent the sustaining of special exceptions.  In a
non-Chapter 14 case, defendants are not required to file special exceptions
before seeking dismissal of a plaintiff’s claims, yet the plaintiff’s claims
are liberally construed except to the extent that special exceptions have been
sustained. See
London, 192 S.W.3d at 13.





[5]
According to the author of the concurring and dissenting opinion, the
conclusion that Burnett has pleaded conversion and money had and received is
based on one sentence of his petition, which the author finds insufficient to
plead these claims.  See post at p. 5, 7.  This analysis is not based on
one sentence of the petition.  Instead, the analysis is based on a liberal
construction of the entire petition, including the pleaded facts upon which
Burnett bases his claims.  See Abraham & Co. v. Smith, No.
14-03-00163-CV, 2004 WL 210570, at *2 (Tex. App.—Houston [14th Dist.] Feb. 5,
2004, no pet.) (mem. op.) (liberally construing a petition to include a claim
for breach of an orally modified contract based on factual allegations in the
petition).





[6]
The author of the concurring and dissenting opinion asserts that Avila
is not on point because Burnett’s breach-of-fiduciary-duty claim is based
completely on conduct occurring after the representation ended.  Presuming this
distinction is valid, Burnett’s claim is based on Sharp’s acceptance of the
retainer while representing Burnett, and Sharp’s earning some but not all of
the retainer during the representation. Therefore, Burnett’s claim is not based
completely on conduct occurring after the representation ended.   





[7]
Though the author of the concurring and dissenting opinion asserts that this
analysis would effect a significant change in the law, in light of this court’s
opinions in Avila, Watkins, Duerr, Trousdale, and Goffney, this analysis
is instead an application of existing law.  





[8]
The Avila court used a somewhat similar provision under the former Code
of Professional Responsibility as a standard for liability. See Avila,
761 S.W.2d at 400. There is no need to adopt Rule 1.15(d) as a standard for
civil liability in this case to conclude that Burnett’s breach-of-fiduciary
duty claim is not based on an indisputably meritless legal theory. Instead, the
cases cited in this opinion provide the basis for this conclusion.





[9] 
Though the trial court erred in dismissing these three claims as frivolous
under Chapter 14, the extent to which Burnett has evidence to support the
allegations in his petition is not an issue before this court.





[10]
Because the problems with these two claims cannot be remedied, the trial
court’s dismissal with prejudice as to these two claims was proper.  See
Hickman v. Adams, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000,
no pet.).