

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-17-00390-CV

THOMAS FLORENCE, APPELLANT

V.

STEPHANIE COX AND CODY MILLER, APPELLEES

On Appeal from the 30th District Court
Wichita County, Texas[1]
Trial Court No. 185,691-A, Honorable Robert Brotherton, Presiding

November 20, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Thomas Florence appeals the trial court's orders declaring him a vexatious litigant and dismissing his claims with prejudice pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. We reform the judgment and affirm.

---

[1] By order of the Texas Supreme Court, this appeal was transferred to this Court from the Second Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

## Background

Florence is a Texas prison inmate. In 2016, he was accused of sexual misconduct and found guilty after a Texas Department of Criminal Justice (TDCJ) disciplinary hearing. Florence filed Step 1 and Step 2 grievances appealing the decision, but the finding of guilt and sentence were affirmed.

Proceeding as indigent, Florence sued TDCJ employees Stephanie Cox, Cody Miller, Mohamad Sarhani, and "M. Blalcock" for alleged due process violations. Florence claims that Cox retaliated against him by falsely accusing him of sexual misconduct, initiating disciplinary proceedings, and falsely testifying at his hearing. He asserts that Miller, the disciplinary hearing officer, violated his due process rights by refusing to review a video recording of the incident. He alleges that Sarhani and Blalcock also violated his due process rights by failing to consider the video recording when reviewing his grievances. In his petition, Florence asks the trial court to grant him a new disciplinary hearing, to prevent future retaliation by Cox, and to require that video recordings are considered in future disciplinary cases.

Florence only served process on appellees Cox and Miller. Cox and Miller answered the suit and moved to dismiss Florence's claims as frivolous or malicious, having no arguable basis in law or in fact. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2) (West 2017). They also moved to declare Florence a vexatious litigant and to prohibit him from filing any new litigation without prior permission from a local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.051, 11.101 (West 2017). Florence responded to the motions. The trial court granted appellees'

2

motions without a hearing, declared Florence a vexatious litigant, and dismissed his claims with prejudice for failure to comply with chapter 14. Florence appealed both orders.[2]

Analysis

Florence challenges the dismissal of his claims as frivolous or malicious under chapter 14. He contends that his claims have an arguable basis in law and in fact because (a) his due process rights were violated when the TDCJ employees refused to review the video recording of the incident, and (b) his "state property rights" were violated when the TDCJ employees failed to follow their own disciplinary rules and procedures.

As to the order declaring him a vexatious litigant, Florence only addresses it once in his brief, stating: "Defendants['] vexatious argument / motion to dismiss documents was without any merit and was filed in bad faith to bar plaintiff from state review of his state created right / federal right not to be punished without a valid conviction." He presents no additional argument and does not cite to the record or to any supporting authority. *See* TEX. R. APP. P. 38.1(i). Because Florence failed to adequately brief his challenge to the vexatious litigant order, he failed to preserve any issues for review. *See ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880-81 (Tex. 2010); *Sunnyside*

---

[2] Sarhani and Blalcock were not served with process and made no appearance in this cause. Nevertheless, we have jurisdiction to review the trial court's order dismissing Florence's claims because section 14.003(a) allows the trial court to dismiss a claim "before or after service of process." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a). The trial court's order expressly states that it disposes of all parties and claims and is a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). Accordingly, we have jurisdiction to address Florence's appeal. *See Houser v. Bluitt*, No. 09-05-00336-CV, 2006 Tex. App. LEXIS 10388, at *1 n.1 (Tex. App.—Beaumont Nov. 30, 2006, pet. denied) (mem. op.); *Williams v. Denault*, No. 14-00-00889-CV, 2001 Tex. App. LEXIS 7004, at *4-5 (Tex. App.—Houston [14th Dist.] Oct. 18, 2001, no pet.).

3

*Feedyard, L.C. v. Metro. Life Ins. Co.*, 106 S.W.3d 169, 173 (Tex. App.—Amarillo 2003, no pet.).

We, therefore, limited our review to whether the trial court properly dismissed Florence's claims. In determining the nature of an inmate's claims dismissed under chapter 14, courts must construe the pleadings liberally and to include all claims that may be reasonably inferred. *Burnett v. Sharp*, 328 S.W.3d 594, 598 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Thus, we have liberally construed Florence's petition as asserting section 1983 claims against the TDCJ employees in their individual capacities. *See* 42 U.S.C. § 1983; *Vargas v. Tex. Dep't of Criminal Justice*, No. 03-12-00119-CV, 2012 Tex. App. LEXIS 9916, at *9 (Tex. App.—Austin Nov. 30, 2012, pet. denied) (mem. op.) (liberally construing inmate's petition as asserting section 1983 claims where inmate sought relief from TDCJ employees for alleged constitutional violations); *Thomas v. Bynum*, No. 04-02-00036-CV, 2003 Tex. App. LEXIS 1763, at *7-8 (Tex. App.—San Antonio Feb. 28, 2003, no pet.) (mem. op.) (noting that "Texas has no implied private right of action for damages for constitutional violations and no statute comparable to section 1983.").

Standard of Review

Chapter 14 allows a trial court to dismiss an inmate's claim as frivolous or malicious if it has no arguable basis in law or in fact. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2). The trial court may hold a hearing before dismissal. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c). When the trial court dismisses a claim without a fact hearing, our review focuses on whether the inmate's claim has an arguable basis in

law. *Birdo v. Williams*, 859 S.W.2d 571, 572 (Tex. App.—Houston [1st Dist.] 1993, no writ) ("When the trial court . . . dismisses a cause without a fact hearing, the trial court could not have determined the suit had no arguable basis in fact."). We review the issue *de novo*, and take as true the petition's allegations to determine whether, as a matter of law, it states a cause of action that would authorize relief. *Scott v. Gallagher*, 209 S.W.3d 262, 266-67 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Due Process Claims

We find that the trial court properly dismissed Florence's due process claims as frivolous because he failed to plead a cognizable claim under section 1983. Section 1983 provides a private cause of action against persons acting under color of state law who violate rights secured by the United States Constitution or federal law. *See* 42 U.S.C. § 1983; *Haver v. Coats*, 491 S.W.3d 877, 881 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A section 1983 claim involves two essential elements: (1) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Berry v. Tex. Dep't of Criminal Justice*, 864 S.W.2d 578, 580 (Tex. App.—Tyler 1993, no writ).

Florence failed to allege that he was deprived of a protected right in his petition. Florence states he was punished as a result of the disciplinary proceedings, but does not identify the penalty he received. Not all penalties imposed on inmates implicate due process rights. *See Hill v. Stephens*, No. 14-09-01030-CV, 2010 Tex. App. LEXIS 9987, at *6-7 (Tex. App.—Houston [14th Dist.] Dec. 16, 2010, no pet.) (mem. op.) (per curiam)

5

(concluding that an inmate failed to allege a cognizable section 1983 claim where his disciplinary proceedings only resulted in solitary confinement); *Hamilton v. Williams*, 298 S.W.3d 334, 341 (Tex. App.—Fort Worth 2009, pet. denied) (holding that inmate's due process claims had no arguable basis in law because his punishment, cell restrictions and loss of commissary privileges, did not implicate due process concerns). In his brief, Florence also argues that he has a state created property right to have the TDCJ employees follow TDCJ disciplinary rules and procedures. However, he has cited to no authority creating such a property right. *See Duckett v. Tex. Dep't of Criminal Justice Corr. Insts. Div.*, No. 12-17-00207-CV, 2018 Tex. App. LEXIS 2905, at *8-9 (Tex. App.— Tyler Apr. 25, 2018, no pet.) (mem. op.) (holding that information contained in TDCJ policy manuals is not tangible personal property).

Because Florence did not allege that he was deprived of a right secured by the Constitution or laws of the United States, he has not stated any due process claims under section 1983 as a matter of law. *See Hamilton*, 298 S.W.3d at 341; *Abul 'Umar v. Tex. Dep't of Criminal Justice, Inst. Div.*, No. 09-94-00379-CV, 1996 Tex. App. LEXIS 2899, at *4 (Tex. App.—Beaumont Jan. 4, 1996, no writ).

<u>Retaliation Claim</u>

Florence also failed to plead a retaliation claim against Cox. Prisoners have a First Amendment right to be free from retaliation for complaining about a prison official's misconduct. *Inst. Div. of the Tex. Dep't of Criminal Justice v. Powell*, 318 S.W.3d 889, 892 (Tex. 2010) (per curiam). A violation of this right is actionable under section 1983. *Id.* To establish retaliation, an inmate must demonstrate (a) he has a specific

constitutional right, (b) the defendant intended to retaliate against him for exercising that right, (c) a retaliatory adverse act, and (d) causation. *Id.*

Florence does not allege that Cox retaliated against him for exercising a specific constitutional right. In his petition, he only states that Cox falsely accused him of an offense and asks the trial court to prevent future retaliation by Cox. As Florence failed to state a retaliation claim as a matter of law, the trial court properly dismissed this claim against Cox as frivolous. *See Aguilar v. Chastain*, 923 S.W.2d 740, 744 (Tex. App.—Tyler 1996, writ denied) (finding that the trial court properly dismissed inmate's retaliation claim as frivolous where inmate made only conclusory allegations).

Dismissal with Prejudice

We next consider whether Florence's claims were properly dismissed with prejudice. A dismissal with prejudice under chapter 14 is improper if the inmate could remedy the error through more specific pleading. *See Decker v. Dunbar*, 200 S.W.3d 807, 812-13 (Tex. App.—Texarkana 2006, pet. denied).

In appellees' motion to dismiss, they argue that Florence's claims are precluded by the Supreme Court's decision in *Heck v. Humphrey,* and barred by sovereign and official immunity. *See* 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Thus, if applicable, Florence would be unable to remedy his defective claims by amending his petition.

In *Heck*, the Supreme Court held that an inmate cannot assert a section 1983 claim if the claim impliedly challenges the constitutionality of his conviction or sentence. *Id.* at 489. The *Heck* rule also applies to section 1983 claims that challenge the constitutionality

7

of prison disciplinary proceedings if the penalty imposed affects the duration of the inmate's sentence. *See Edwards v. Balisok*, 520 U.S. 641, 648-49, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (applying the *Heck* rule to the loss of good-time credits). Because Florence has not alleged that this disciplinary action affected the duration of his sentence, the *Heck* rule does not bar his claims as a matter of law. *Muhammad v. Close*, 540 U.S. 749, 751-52, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004); *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 11-12 (Tex. App.—Waco 2010, no pet.).

We also find that sovereign immunity and official immunity do not preclude Florence's claims as a matter of law. Persons sued in their official capacity under section 1983 may raise sovereign immunity as a defense. *Hidalgo Cty. v. Gonzalez*, 128 S.W.3d 788, 792-93 (Tex. App.—Corpus Christi 2004, no pet.). However, sovereign immunity does not apply to claims against officials in their individual capacity. *Hamilton v. Pechacek*, 319 S.W.3d 801, 811 (Tex. App.—Fort Worth 2010, no pet.). Florence's petition does not state whether he sues the TDCJ employees in their official or individual capacities. We must liberally construe his pleadings as asserting claims against the employees in their individual capacities. *See Lagaite v. Boland*, 300 S.W.3d 911, 913 (Tex. App.—Amarillo 2009, no pet.) (liberally construing inmate's petition "as alleging a complaint arguably founded in the law").

Although qualified or official immunity shields government employees sued in their individual capacities under section 1983, it only protects them from personal liability when performing discretionary duties in good faith within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). Florence alleges that the TDCJ employees were acting in bad faith throughout his disciplinary and grievance

8

proceedings. Taking his allegations as true, we cannot conclude that official immunity precludes his claims as a matter of law. *See Harrison v. Tex. Dep't of Criminal Justice-Inst. Div.*, 915 S.W.2d 882, 888 (Tex. App.—Houston [1st Dist.] 1995, no writ).

Florence's claims, as alleged, could have been remedied by repleading. Therefore, the trial court erred in dismissing the claims with prejudice. *See Curtis v. Kountz*, No. 09-06-00036-CV, 2006 Tex. App. LEXIS 8301, at *6-7 (Tex. App.—Beaumont Sept. 21, 2006, no pet.) (mem. op.).

Conclusion

We reform the trial court's judgment to provide that Florence's claims are dismissed without prejudice. As reformed, the judgment is affirmed.


Judy C. Parker
Justice

9