

In The
## Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-18-00112-CV
_____

STEVEN BOYD, APPELLANT

V.

COREY DUSTIN JONES AND ROBERT LOVE III, APPELLEES

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 73,319-A; Honorable David L. Gleason, Presiding by Assignment

May 17, 2019

## MEMORANDUM OPINION

Before CAMPBELL, PIRTLE, and PARKER, JJ.

Steven Boyd, an inmate proceeding *pro se* and *in forma pauperis*, appeals the trial court's *Order Dismissing "Due Course of Law Complaint"* he filed against Robert Love III and Corey Dustin Jones. By three issues, he contends (1) the trial court abused its discretion in dismissing his complaint for failing to appropriately state a cause of action; and that the trial court erred in (2) finding that his claim's realistic chance of success was

slight, had no arguable basis in law, and that Boyd could not prove facts in support of his claim; and (3) dismissing his suit because the requested admissions were deemed admitted. We affirm.

### BACKGROUND

On January 17, 2018, Boyd sued Love, a Randall County prosecutor, and Jones, an Amarillo police officer, for allegedly conspiring to deprive him of his due process rights in a robbery prosecution in trial court cause number 24,143-A. By his "*Due Course of Law Complaint*," Boyd alleged that Jones "fabricated and distributed a false confession to prosecutors" and that Love "allow[ed] it to go uncorrected." He claims Appellees' actions violated Article I, Sections 10 and 19 of the Texas Constitution as well as the Fifth and Fourteenth Amendments to the United States Constitution.

Simultaneously with his complaint, Boyd filed a discovery request pursuant to Rule 190.3 of the Texas Rules of Civil Procedure and a request for admissions under Rule 198.1. TEX. R. CIV. P. 190.3, 198.1. Several months later, the trial court dismissed Boyd's suit pursuant to section 14.003(b) of the Texas Civil Practice and Remedies Code. Boyd now challenges that dismissal.

We further note that, although the clerk's record contains two "citation" requests for Appellees, there is nothing to indicate they were ever served. Boyd filed a document entitled "Tex. R. App. Proc. Rule 2 Motion to Suspend Tex. R. Civ. Proc. Rule 21(A) and Tex. R. App. Proc. Rule 9.3," by which he requested suspension of the rules requiring

service of process.[1]  Rule 2 of the Texas Rules of Appellate Procedure allows this court to suspend the operation of appellate rules except in two instances not relevant here. TEX. R. APP. P. 2.  Rule 2 does not apply to suspend the operation of the Texas Rules of Civil Procedure and, generally, there must be valid service of process on the defendant for a plaintiff to invoke the trial court's jurisdiction.  *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985).  A defendant may, however, waive the issuance and service of process by appearing and voluntarily submitting to the jurisdiction of the trial court.  *Houston Crushed Concrete v. Concrete Recycling Corp.*, 879 S.W.2d 258, 260 (Tex. App.—Houston [14th Dist.]  1994, no writ).  For the purpose of this proceeding, we will assume without deciding, that Love and Jones were subject to the jurisdiction of the trial court.

### APPLICABLE LAW

The statutory scheme for indigent inmate litigation is governed by chapter 14 of the Texas Civil Practice and Remedies Code.  §§ 14.001 - 14.014 (West 2017).  Dismissal of a suit is authorized under chapter 14 on a finding that the action is frivolous or malicious.  § 14.003(a)(2).  A trial court may consider whether a suit has an arguable basis in law or in fact when making the determination whether the suit is frivolous or malicious.  § 14.003(b)(2); *Lagaite v. Boland*, 300 S.W.3d 911, 913 (Tex. App.—Amarillo 2009, no pet.).

---

[1] Rule 21a of the Texas Rules of Civil Procedure provides for the methods for service of process. TEX. R. CIV. P. 21a.  Rule 9.3 of the Texas Rules of Appellate Procedure provides that if a document is not electronically filed, a party must file the original and one unbound copy in this court.  TEX. R. APP. P. 9.3(a).

In determining whether a claim is frivolous or malicious, the trial court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

§ 14.003(b). However, when a claim is dismissed without conducting an evidentiary hearing, the dismissal can only be affirmed if the claim has no arguable basis in law. *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). A claim has no basis in law if it is an indisputable meritless legal theory. *Leachman v. Dretke*, 261 S.W.3d 297, 304 (Tex. App.—Fort Worth 2008, no pet.). In other words, we review a complaint to determine whether, as a matter of law, it stated a cause of action that would authorize relief. *Scott v. Gallagher*, 209 S.W.3d 262, 266-67 (Tex. App.—Houston [1st Dist.] 2006, no pet.). We review *de novo* whether a claim has an arguable basis in law. *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

### STANDARD OF REVIEW

Applying the above-referenced standards, we review the dismissal of an indigent inmate's chapter 14 suit for abuse of discretion. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Quixtar Inc.*

4

*v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)).  The fact that a trial court may decide a matter within its discretion in a different manner than an appellate court in a similar circumstance does not demonstrate an abuse of discretion.  *Downer*, 701 S.W.2d at 242.  And, we will affirm an order of dismissal if it was proper under any legal theory.  *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.).

In conducting our review, we accept as true the factual allegations in an inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief.  *Id.*  A claim has no arguable basis in law if the facts alleged are wholly incredible or it relies on an indisputably meritless legal theory.  *Williams*, 298 S.W.3d at 339.

### ANALYSIS

The trial court dismissed Boyd's suit and in doing so, entered the following findings:

(1) In 2014, [Boyd] was convicted in Cause No. 24,143-A in the 47th District Court of Randall County, Texas, pursuant to a guilty plea.

(2) [Boyd] is currently an inmate of the Texas Department of Criminal Justice, Institutional Division, and is housed at the Jordan Unit;

(3) [Boyd] appears to be indigent;

(4) The "Complaint" filed herein presents a series of recitations of some general principles of law, but fails to appropriately state any cause of action;

(5) The claim's realistic chance of success is slight, the claim has no arguable basis in law, and it is clear that [Boyd] cannot prove facts in support of the claim; and

5

(6) This complaint is frivolous as described in Section 14.003, Civil Practice and Remedies Code.

Boyd has made numerous attempts in this court to re-litigate his robbery conviction in trial court cause number 24,143-A, a charge to which he entered a plea of guilty. *See Boyd v. State*, No. 07-14-00245-CR, 2014 Tex. App. LEXIS 8445, at *1-2 (Tex. App.—Amarillo Aug. 1, 2014, no pet.) (mem. op., not designated for publication) (dismissing appeal from the robbery conviction based on the *Trial Court's Certification of Defendant's Right of Appeal* after he pleaded guilty and voluntarily, knowingly, and intelligently waived his right to appeal); *In re Boyd*, No. 07-15-00209-CV, 2015 Tex. App. LEXIS 7156, at *1 (Tex. App.—Amarillo July 10, 2015, orig. proceeding) (mem. op.) (denying mandamus relief on request to void judgment of conviction in trial court cause number 24,143-A); *Boyd v. Love*, 07-17-00081-CV, 2017 Tex. App. LEXIS 9579, at *8 (Tex. App.—Amarillo Oct. 11, 2017, pet. denied) (mem. op.) (affirming trial court's dismissal of Boyd's suit alleging a conspiracy in his robbery case by the trial judge, Love, and his common law spouse).

Boyd's underlying suit is substantially similar to some of his previous suits and arises from the same operative facts that resulted in his robbery conviction. The addition of Officer Jones as a defendant in the underlying suit is a novelty. Additionally, Boyd's claim is based on an indisputably meritless legal theory—a conspiracy to deprive him of his due process rights in his robbery conviction. Boyd voluntarily pleaded guilty to the robbery charge and his appeal from the conviction that followed was dismissed based on his plea and his voluntary waiver of appeal. Furthermore, his complaint does not state a cause of action that would authorize relief. Consequently, the trial court did not abuse its

discretion in dismissing Boyd's complaint. Issues one and two are overruled. Issue three complaining of his discovery requests is rendered moot.

**CONCLUSION**

The trial court's *Order Dismissing "Due Course of Law Complaint"* is affirmed.

Patrick A. Pirtle
Justice